### JOSIAH D. FULLER *v.* ROBERT W. COWELL. MUSHET & PEARSON, Warrantors.

The ignorance of the vendor that the cotton sold by him was falsely packed, does not exempt him from liability for the difference between the value of the bales, in their actual condition, and what the value would have been if the quality throughout the bale had been uniform with the samples.

Where the seller is not cognizant of the hidden defects of the thing sold, he is liable for the difference at the time and place of sale, between the actual value of the bales falsely packed, and what they would have been worth, if the entire contents had corresponded with the outer portion.

APPEAL from the Fourth District Court of New Orleans. *Reynolds*, J. Action for loss sustained on the purchase of a number of bales of cotton.

Petition charged " that the outside of said bales was composed of good, sound and merchantable cotton, extending further into the interior of the bales than the usual mode of inspection would enable a person to examine," &c. ; but that said bales were " plated on the outside with sound and merchantable cotton, &c., but were falsely packed in the interior of the bales with cotton badly damaged, &c. &c.

*Bonford & Finney*, for plaintiff. *Benjamin & Micou* and *Wolfe & Singleton*, for defendants, warrantors and appellants.

SLIDELL, J.   Although there is a conflict of testimony, our minds have been brought to the same conclusion as the District Judge came to, that is to say, that the cotton in the interior of the bales was of a decidedly inferior quality to that of the outer portion ; in other words, that the cotton was what was called in the market, falsely packed.   Such packing, it is proved, is not discoverable by the usual examination which buyers make.   The plaintiff, it is true, admitted at the trial, the defendant was not aware of this false packing ; but this absence of knowledge does not exempt the vendor from liability for the difference between the value of the bales in their actual condition and what it would have been if the quality throughout the bale had been uniform.

There was an effort at the trial below, and in argument here, to avoid responsibility, on the ground that this cotton had been repacked in New Orleans, in consequence of a fire having occurred at the Press where it was stored, and that the fact of its having been repacked, was communicated to the plaintiff. And witnesses were called to prove that repacked cotton is not considered as favorably in the market as cotton which has not undergone that process.   The reason, as stated by a cotton dealer, is " that in repacking cotton they have to pick it out in various piles, and through carelessness there may be a slight mixture, and in repacking, occasionally a rope might be picked up.   Buyers of repacked cotton know these facts."   But this evidence is insufficient to account for the condition of the cotton in question, or to exempt the defendant from liability.   There was here, according to the testimony of the plaintiff's witnesses, to whom the District Judge gave credence, a marked discrepancy between the outer cotton and the interior of the bales, which can only be accounted for on the hypothesis of false packing.   Moreover, in this case, samples were furnished by the seller to the buyer, and the classer, employed by the plaintiff, testified that he found, on drawing samples from the edge of the bales in the usual manner, that they corresponded with the samples so furnished.   The witnesses concur in stating that false packing is not discoverable by taking samples from the bales in the usual manner.

In a case of this sort, where the seller is not cognizant of the hidden defects of the thing sold, he is liable for the difference at the time and place of sale between the actual value of the bales thus falsely packed, and what they would have been worth if the entire contents had corresponded with the outer portion. The actual loss incurred by the plaintiff in the foreign market, where he sold the cotton, had it been thrown back on his hands by the buyer, and then resold at a lower price, is not the rule of damages, although it may be considered, with other evidence, for the purpose of estimating the per centage of inferiority.

It is, therefore, decreed, that the judgment of the District Court be reversed, and it is further decreed, that the plaintiff recover of the defendant the sum of $354 74, with interest at the rate of five per cent. per annum from the 5th

18

April, 1851, until paid, and costs of the suit in the Court below—those of the appeal to be paid by the plaintiff.