## H. GEORGE *v.* MOSES GREENWOOD & CO.

In a suit to rescind the sale of a slave, it is no defence that a tender has not been made, where the tender is impossible.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*Elmore & King*, for plaintiff. *Semmes & Edwards*, for defendants and appellants.

BUCHANAN, J. The plaintiff having purchased a slave upon the warranty of defendants, which slave runaway a short time after the sale, and was lost to plaintiff, notwithstanding every effort made to get him back, this suit is brought for the price, and for expenses incurred in pursuit of the runaway.

In this court, the defendants urge the necessity of a tender of the slave. But the case of *Richardson* v. *Johnson*, 1 An. 389, upon which they rely, was that of a plaintiff who alleged himself to be in possession of the same. Here the evidence as well as the pleadings, show the tender to be impracticable. *Castillano* v. *Peillon*, 2 N. S. 471. The slave appears to be in the Indian territory, and beyond the reach of any civil process. A resort to force, under the circumstances, would have been dangerous, and, in all probability, unavailing.

The power given to the Indian agent by the Act of Congress of 1834, chapter 161, section 10, relates to a different class of persons from runaway slaves, namely, unlicensed traders, trappers, settlers on Indian lands, and foreigners unprovided with passports, all of whom are declared by law to be intruders in the Indian territory, and liable to be removed by military force.

Neither does it appear, that the jurisdiction given to the courts of the United States for the districts of Arkansas and Missouri, of crimes committed in the Indian territory, by the Act of Congress of 1844, chapter 103, would have reached this case, or enabled plaintiff to have obtained process for the arrest of his runaway slave from those courts.

The judgment of the District Court appears to have done justice, and is affirmed, with costs.