## LORIN CHAPMAN v. THOMAS E. MATTHEWS.

Article 2510, of the Civil Code, provides that if the thing affected with the vices, has perished through the badness of its quality, the seller must sustain the loss.

The redhibitory action must be instituted within a year, at farthest, commencing from the date of the sale

If it (the thing) has perished by a fortuitous event before the purchaser has instituted his redhibitory action, the loss must be borne by him.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. *D. N. Hennen, for plaintiff.*—Upon the application for a new trial it was insisted, in argument only, that, as no tender had been alleged and

proved, the plaintiff could not recover. Plaintiff insists that this case comes within the exceptions to the rule requiring tender prior to suit, for a rescission. The negro was dead at. the time of the institution of the suit. "Lex neminem coget ad vana." The case in 14 A. 401, *Lewis* v. *Morgan*, does not conflict with this. The only question in dispute was whether defendant had an agent, at time of institution of suit, to whom tender could have been made. What else Judge Buchanan was, an obiter dictum, and the learned Judge, if he meant to say that tender must be made as soon as the disease is discovered, contradicts himself at top of page 402, where he admits that the right to tender (and, of course, to recover) exists as long as the right of action, i. e. for one year. The only condition insisted upon is, that the tender must precede the suit, and be made, if practicable. Now, the doctrine contended for by defendant would lead us to an abrogation of the right conferred by the Louisiana Code, Art. 2512, to bring suit at any time within the year; to the common law doctrine, as stated by Kent, 2 vol. p. 470, lec. 39: "If he (the purchaser) elects to pursue that course (rescind the contract and recover back the money), be prompt in rescinding the contract," "it must be demanded in a reasonab e time," say the Common Law decisions: our Code says within a year.

*R. H. Browne for defendant and appellant.*—If the statements of the witnesses are to be believed, the facts were sufficient to put any prudent man on his guard, and cause him to make a tender as the law required.

The reasoning of Mr. Justice Spofford, in the dissenting opinion, delivered by him in the case of *Dixon* v. *Chadwick*, 11 Ann. 216, would seem to touch the very marrow of this case :

" The well established rule * * * * affords a satisfactory check against fraud, concealment, and the after-thoughts of self-interest. The vendor warned in time, may take back his property and save it."

The case of *Lewis* v. *Morgan*, cited supra, is directly in point ; and it is respectfully submitted that the reasoning of Mr. Justice Buchanan, the organ of the Court, is conclusive, and fully meets the facts of this case.

ILSLEY, J. This is a redhibitory action, instituted by the plaintiff to rescind the sale of a slave named Coleman, fully warranted in the act of sale, and to recover back the price paid for him.

The answer is a general denial.

The verdict of the jury who tried the case, and the judgment of the Court, were in favor of the plaintiff ; and the defendant has appealed.

No tender of the slave to the seller was ever made ; and this is urged by the defendant as fatal to the plaintiff's right to prosecute his present action.

The sale was made on the 19th June, 1860, and the slave died on the 8th October next following, of the same disease with which he was affected at the time of the sale.

Article 2510 of the Civil Code provides that, if the thing affected with the vices has perished through the badness of its quality, the seller must sustain the loss; and Article 2512 C. C. provides "that the redhibitory action must be instituted within a year, at farthest, commencing from the date of the sale." The petition was filed on the 3d December, 1860, long after the death of the slave, so that it was impossible to tender him to the seller. The case of *Rider* v. *Wright & Marshall* was different from this one, and came within the provisions of Article 2511, which reads thus : "If it (the thing) has perished by a fortuitous event, before the purchaser has instituted his redhibitory action, the loss must be borne by him."

In the case of *Lewis* v. *Morgan*, 14 A. 401, it is not shown that the slave was dead when suit was instituted.

We think, under the circumstances of this case, the want of tender cannot be invoked against the plaintiff to defeat his action, and this is the only ground relied on.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, with costs of appeal to be paid by the appellant.