(120 So. 478)

No. 29185.

**JACKSON v. BREARD MOTOR CO., Inc.**

Feb. 11, 1929.

Newton & Newton, of Monroe, for appellant.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellee.

ROGERS, J. This is a suit for the rescission of a sale of an alleged defective automobile and for damages. The defendant, in its answer, after its exception of no cause of action was overruled, joined issue with the allegations of plaintiff's petition. The court below rescinded the sale, awarded damages in the sum of $75, reserved plaintiff's right to recover for taxes paid, and rejected all other items of plaintiff's demand. The defendant appealed, and, in connection with its appeal, has filed an assignment of errors. The plaintiff has answered the appeal, praying for an increase in the amount of the judgment.

Appellant insists that plaintiff's suit should have been dismissed on the exception of no cause of action. On this phase of the case appellant assigns as error the failure of the court below to hold (1) that plaintiff should have sued the manufacturer of the automobile, a nonresident corporation, and not defendant, its local dealer, and (2) that, the action being one in redhibition, plaintiff has not alleged and shown that the vice existed prior to the sale; that the machine was not injured subsequent thereto; and that the defects were nonapparent at the time of the purchase.

There was no error committed by the court below in overruling the exception of no cause

of action. (1) The petition shows conclusively that plaintiff purchased the automobile from the defendant company with its guarantee that the machine was in first-class condition and would adequately serve the purpose for which it was intended. The reference in the petition to the notice sent to the manufacturer forms part, merely, of the recital by plaintiff of the efforts he put forth to have the defects in the automobile corrected. (2) The petition, taken as a whole, does show, affirmatively, that the alleged defects existed at the time of the sale, and that they were not discoverable upon a mere inspection of the property sold; that, if plaintiff had known of their existence, he would not have purchased the automobile. The state of facts set forth also discloses that the defects were not caused subsequent to the sale by any fault of the plaintiff.

Turning to the merits, we find that appellant assigns as error the failure of the court below to accept the testimony of its "automobile mechanical experts" as against the testimony of plaintiff's non-expert witnesses; that the court also erred in rescinding the contract because of defects in certain accessory parts of the machine, and in holding, as a matter of fact, that the parts in question were defective. All of which means that the trial judge, who saw and heard the witnesses, reached the conclusion that the fault lay with the automobile and not with its method of operation during the time it was in possession of the plaintiff.

After examining the testimony, we are unable to satisfy ourselves that the conclusion reached by the trial judge is manifestly erroneous. Without entering into a detailed discussion of the facts, we find they show, substantially, that, after plaintiff, in the conduct of his business, began to drive the automobile at a speed exceeding 25 miles an hour, the speed at which he had driven the machine for the initial 500 miles according to the manufacturer's instructions, the defects complained of began to develop. The automobile would not function properly, and was repeatedly returned, without avail, to the defendant company for readjustment or repair. The testimony of the employees of the defendant company that they found no difficulty in operating the automobile is not controlling, since it was no part of plaintiff's contract that he was to hire an expert automobile mechanic to drive him about the country in the machine in the pursuit of his business of examining various farm properties offered to his investment company as security for loans to the owners.

There was no express waiver of warranty by the plaintiff; hence the defendant must be held, under the law, to have warranted the machine sold as fit for the purpose intended. It cannot be denied that an automobile which is not in running condition is not fit for the purpose intended. Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871.

The case of Burt Co. v. Laplace, 46 La. Ann. 728, 15 So. 293, relied on by defendant, is not appropriate to the case at bar.

Appellee concedes that the amount of $75, allowed by the court below for insurance paid on the automobile by plaintiff, is erroneous, and that the award on that item should be reduced to $51.35. He insists, however, under his answer to the appeal, that the judgment should be amended so as to allow him in full the damages which he has demanded for actual expenses and for being deprived of the use of the car. We do not find any error in the judgment in that respect.

For the reasons assigned, the judgment appealed from is amended by reducing the amount allowed for insurance from $75 to $51.35; in all other respects the judgment is affirmed. Defendant and appellant is to pay all costs of lower court; appellee to pay costs of appeal.

THOMPSON, J., takes no part.