No. 432

First Circuit

—

STRACENER v. NUNNALLY BROS. MO-
TOR CO. ET AL.

—

(April 13, 1929.   Opinion. and Decree.)
(October 10, 1929.   Rehearing Refused.)
(December 2, 1929.   Writ of Certiorari and
Review Refused by Supreme Court.)

—

C. A. Battle, of Baton Rouge, and Fred G. Benton, of Baton Rouge, attorneys for plaintiff, appellant.

John B. Smullin, of Baton Rouge, attorney for defendants, appellees.

ELLIOTT, J. This is a redhibitory action brought by. Elbert H. Stracener against Nunnally Bros. Motor Company, a commercial firm composed of Charles F. Nunnally and Boyce Nunnally, to rescind the sale of a secondhand automobile, on the ground

that one of the cylinders of the motor had been scored, and injuring it to the extent, that it was practically useless; and on the further ground that in addition to the injury to the motor, the differential gear in the rear axle housing broke into fragments and ground to pieces due to the fact that it was in such a worn condition at the time he acquired the car it was unable any longer to stand the strain of ordinary use.

On the trial the lower court permitted the plaintiff to testify that defendant Boyce Nunnally and J. P. Williams, defendant's salesman, had each warranted to him that the car was in good mechanical condition and that the sale was consummated as a result of said warranty; that he was not aware that the written act of sale contained a clause to the effect that no warranties had been made by the vendor. The defendants contend that this ruling was erroneous. The ruling in our opinion was correct. The plaintiff alleges, in addition to the facts stated, that the injury to the motor and the differential gear were not discoverable by simple inspection; that he was not aware of their existence at the time of the sale and that they prevented the car from functioning properly; that the defendants in selling him the car, warranted it to be in first-class mechanical condition; that in buying it he accepted and acted on their representations; that their representations on the subject were false and constituted, on their part, fraud and bad faith toward him in the matter of said sale.

Defendants allege that they sold the car to the plaintiff by written act, and without warranty, under the stipulation: "No warranties have been made by the vendor, unless indorsed hereon in writing." They deny in their answer the fraud, bad faith, and misrepresentations charged against

them by the plaintiff. The questions of fraud and of warranty are put at issue by the pleadings of the parties.

No warranties are indorsed on the act, whereby defendant sold the car to the plaintiff. The act therefore purports to have been a sale, without any stipulation on the subject of warranty. Consequently, if the sale was made with warranty as alleged by the plaintiff, it follows that the act, to the extent stated, contains a false declaration. In such a situation, parol evidence was admissible and properly received in order to show the truth and fact. Greenleaf on Evidence (12th Ed.) vol. 1, Subject, "Admissibility of Parol Evidence," sec. 284, p. 320.

It was also proper in connection therewith for the plaintiff to show by his parol testimony that he was not aware that the act of sale contained the clause quoted therefrom. The plaintiff not only so testified, but there is no evidence to the contrary. He is, in fact, supported by defendant. Boyce Nunnally likewise admits in his testimony that he did not know that the act of sale contained such a clause. As both buyer and seller were unaware that such a clause was contained in the act, it cannot be said to have been stipulated by them, and cannot be given effect, the Code providing that: "Consent being the concurrence of intention in two or more persons, with regard to a matter understood by all, reciprocally communicated," etc. C. C. art. 1819. The Civil Code, arts. 2235, 2236, 2242, 2276 cited by defendant, do not have reference to such a situation. The case Lyons vs. Fitzpatrick, 52 La. Ann. 697, 27 So. 110, is for the same reason not an authority against the ruling. The printed clause mentioned appearing in the act of sale will, therefore, not be given any effect, but the question of warranty will be determined, according to the pleadings and the oral testimony on the subject.

The plaintiff testified that Boyce Nunnally and J. P. Williams declared to him that the automobile was in good mechanical condition and that · he bought it on that understanding. Boyce Nunnally testified that he did not warrant the car to be in first-class condition, that he told plaintiff he did not guarantee used cars. Mr. Williams, however, defendants' witness and the salesman who represented them in selling the car to plaintiff, admits in his testimony that he guaranteed to the plaintiff that it would run as good as any other car that had been used, for the price asked for it. In answering the next question, he says he did' not guarantee the mechanical condition of the car, but that he knew it to be in good running condition, and told plaintiff that it was in good running condition, and that in so saying he was representing the defendant. The evidence shows that plaintiff is an automobile mechanic; that he inspected the car, ran it some, had another automobile mechanic look at it, and required defendant, before he would agree to buy it, to furnish him with new cylinder rings and a piston pin, without charge, to be by him put into the car. We see nothing in this which should weaken plaintiff's position in the case. He knew that a used car likely needed or would soon need new cylinder rings and a new piston pin. His requirement amounted to nothing more than a reasonable provision, and there is no reason why he should not—and, as he says, he did—suppose the car to be otherwise in good condition, and that in buying it he acted on defendant's guaranty that it was in first-class condition. And it is our conclusion that defendant sold this car to the plaintiff, with warranty against injuries, such as it was subsequently found

544

to have sustained. The situation is therefore different from that which existed in the case Ash vs. Hale, 137 La. 149, 68 So. 389. The evidence shows that this car was practically worthless, because of its condition at the time it was acquired by the plaintiff. The defendant made no effort to show otherwise. The injuries which rendered it so were not apparent nor discoverable by simple inspection, nor as the result of the short trial given it by plaintiff before buying. They manifested themselves on the first trip, which amounted to a real test in the matter of condition, but the actual trouble could not be definitely ascertained except by taking the engine apart. The plaintiff did that some ten days after the sale and discovered that the trouble was because the cylinder had been scored, and soon afterwards made the further discovery that the differential gearing had been worn out. These injuries were not of recent date. They existed at the time plaintiff acquired the car. It is very probable that they existed at the time defendant acquired it and that the defendant was not aware of their existence and sold the car to plaintiff in good faith. But when the vices of the thing sold renders its use so inconvenient and imperfect, that it cannot be supposed that the buyer would have bought it had he been aware of the vices, the good faith of the seller, when there has been no renunciation of warranty, affords no reason under the law why he should not be compelled to restore the price received in the sale. The law provides that it must be restored. "A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase." C. C. art. 2529; Fuentes vs. Caballero, 1 La. Ann. 27; Foster & Co. vs. Baer & Co., 7 La. Ann. 613; Fuller vs. Cowell, 8 La. Ann. 136, 58 Am. Dec. 676; Peterkin vs. Martin, 30 La. Ann. 894; George vs. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432.

The motive which brought about this sale was that provided for by C. C. arts. 1824 and 1825, etc. The parties contemplated that this automobile was fit to do reasonable service, such as would ordinarily be rendered by an automobile of the kind and make, that had been used, but warranted by the seller to be in first-class condition. The contemplated consideration which constituted the motive did not exist.

It has been authoritatively held that "a second hand automobile must be fit to do the work which was intended. An automobile, whether second hand or not, is not fit for the purpose intended, if it is not in running condition. Unless warranty is expressly waived, seller warrants that the thing sold, is fit for the purpose intended." Crawford vs. Abbott Automobile Co., 157 La. 59, 101 So. 871. Jackson vs. Breard Motor Co., 167 La. 857, 120 So. 478, March 30th, 1929, is to the same effect. In this case, the plaintiff is entitled to relief but the situation cannot be restored to its former condition. Therefore the Civil Code, art. 2531, must be applied. This article provides that the seller who knew not the vices of the thing sold must restore the price, reimburse the expenses occasioned by the sale, as well as that incurred for the preservation of the thing, unless the fruits which the buyer has drawn from it, have been sufficient to satisfy those expenses. In this case the buyer has been put to no expense on account of the purchase, unless it be some small charge on account of storage. He put the car to some use before its final breakdown, but the use and service

received and the operating expense were about the same. We think the plaintiff should recover the price, but nothing further. The plaintiff and Boyce Nunnally both testify that the price was $500, but the act of sale states that the sale was made and accepted for $243 on or before delivery and a deferred balance of $300, for which the purchaser executed a note, payable in 12 installments of $25 each, which makes a total of $543. This difference between the price alleged and testified to by both buyer and seller, and that stated in the act, not being explained, we find that the price was $500.

The plaintiff also alleges, and the uncontradicted evidence shows, that the price stated in the act of sale to have been paid in cash, was in fact, to the extent of $200, not cash, but the value placed by the parties on an old car which the plaintiff delivered and defendant received in the sale as a payment on the car in question.

There was judgment in the lower court in favor of the defendant. This judgment was, under the law and the evidence, erroneous. There should have been judgment in favor of the plaintiff as prayed for.

For the reasons stated the judgment appealed from is annulled, avoided, and set aside, and it is now decreed that there be judgment in favor of the plaintiff Elbert H. Stracener, and against the defendant Nunnally Bros. Motor Company and Charles F. Nunnally and Boyce Nunnally in solido for $500, with legal interest thereon from judicial demand until paid.

It is further ordered that the defendants herein have the right to cancel and surrender back to the plaintiff said installment note, to the extent that said installments have not been paid by the plaintiff, which the plaintiff executed and delivered to them in payment of the deferred price of said Oakland coupé, provided said right is exercised and tender of same made to the plaintiff within 30 days from the time this judgment becomes final; that said unpaid installments, in case said surrender is made within the time stated, be applied as a credit on the above-mentioned price of same.

It is further ordered that the defendants are entitled in the same way to have back from the plaintiff, and within the same time, the said Oakland coupé in the condition it was in at the time this suit was filed, and, in default thereof, that defendants have further credit for the value thereof at said time, if any it had, but the defendants are to pay any storage charges that may be legally and justly due thereon.

Defendants and appellees to pay the cost in both courts.

———

ON APPLICATION FOR A REHEARING.

MOUTON, J. In the act of sale of the auto in question from defendant company to plaintiff, the following clause appears:

"No warranties have been made by the vendor, unless endorsed hereon in writing."

Neither vendor nor vendee knew of the existence of this clause when the contract of sale was executed, but it is however contended by defendant, that it constituted a waiver of warranties.

That clause indicates or means that vendor had made or given no warranties unless endorsed on the act of sale. It shows he was laboring under the mistaken idea that unless he agreed to the warranties

and properly endorsed them on the contract, he was not bound by any warranties. It is possible, or even probable, that no warranties had "been made by the vendor;" but even if that were so, they were nevertheless made or implied by law as they are in all contracts of sale. C. C. arts. 1764, 2501. Such warranties are against eviction and latent · or hidden defects of the thing sold, or its redhibitory vices. C. C. art. 2476. These warranties are expressly given by law, and should not be denied the purchaser "unless they have been waived expressly or by the clearest implication." The reason is that by such waivers the parties make a law unto themselves, in derogation of the general law, and they should therefore be construed strictly. Dufief vs. Boykin, 9 La. Ann. 295.

In the instant case the clause in the contract above referred to, shows that the vendor was under the impression that unless he promised warranties endorsed on the agreement, he could not be held to any warranties. That clause was certainly not an express waiver of warranties, nor can it be construed as an express waiver by the "clearest implication."

Here, the warranty against eviction is not at issue, but the defendant company was nevertheless bound to his warranty against hidden defects of the auto sold or its redhibitory vices. C. C. art. 2476, as there had been no waiver of that warranty.

The proof shows that the defect or vice in the auto made its use so inconvenient and imperfect, if not absolutely useless, it must be supposed that plaintiff would not have bought it, had he known of the vice. That entitled him to an avoidance of the sale, C. C. art. 2520, and to a restoration of the price even if defendant, vendor, was ignorant of the defect. C. C. art. 2531.

"Unless warranty is expressly waived," said the court in Crawford vs. Abbott Automobile Co., 157 La. 59, 101 So. 871, "the seller warrants that the thing sold is fit for the purpose intended," and this rule applies to the sale of an auto "second hand or not." In this case, which involved the sale of a secondhand auto, the foregoing rule governs. It is, at least, shown by the record that the auto was not in a running condition, and was not therefore fit for the purpose intended, as was held later, in Jackson vs. Breard Motor Co., Inc., 167 La. 857, 120 So. 478.

Judgment was properly rendered in favor of plaintiff.

For the foregoing reasons, and those expressed in the original opinion rendered herein, the rehearing applied for is refused.

———

LECHE, J. The defendant is not a manufacturer of automobiles. It sold to plaintiff a secondhand or used automobile. Plaintiff, who himself is an auto mechanic, knew that he was buying a secondhand automobile, the mechanical condition of which automobile was as easily ascertainable by himself as it could be ascertained by defendant. He was given ample time and opportunity to examine, try and find out its mechanical condition and he availed himself of that opportunity.

The written contract of sale says:

"No warranties have been made by the vendor, unless endorsed hereon in writing."

No warranties are endorsed on the contract and no fraud is shown.

In my opinion the exclusion of warranty is as clear as language can make it, and yet the opinion holds there is no such exclusion. I respectfully dissent.