## S. P. WEAVER LUMBER & SUPPLY CO. v. PARAMOUNT WOOD PRODUCTS CO.*

### No. 4447.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1933.

George Thurber, of Shreveport, for appellant.

Cook & Cook and C. D. Egan, all of Shreveport, for appellee.

DREW, Judge.

Plaintiff sued on open account for the sum of $285.55, with legal interest from judicial demand until paid, alleging that between August 31, 1931, and January 20, 1932, it sold and delivered to defendant materials in that amount. It attached an itemized statement to its petition.

Defendant admits purchasing and receiving the materials set out in the itemized account and admits it owes plaintiff for all of said material, with the exception of 178 gallons of roofing paint, amounting to $124.60, which amount it denies owing to plaintiff.

Defendant alleged that the paint was purchased for the purpose of stopping leaks in a roof and purchased on the representation, recommendation, and guaranty of plaintiff that

the paint would stop the leaks in said roof; that the paint proved entirely worthless for the purpose for which it was purchased; that defendant was not in the paint business and knew nothing about the paint and purchased same solely on the representation, recommendation, and guaranty of plaintiff that it would stop leaks in the roof on which it was to be used.

The lower court rendered judgment for plaintiff, as prayed for, and defendant has appealed.

■ The record discloses that defendant's roof was leaking and defendant was seeking ways and means of stopping the leaks at a small expense; that it presented the matter to plaintiff, from whom it secured prices for a new two-ply roof. The price being more than it wished to pay, plaintiff then recommended to defendant the use of paint. Plaintiff advised the use of paint and recommended the use of it, holding out to defendant that the paint would stop the leaks. Defendant knew nothing of the value of paint for this purpose, and purchased it solely on the advice and recommendation of plaintiff, and plaintiff knew the purpose for which the paint was purchased.

The record further discloses that the paint did not stop the leaks and that defendant received no benefit from the use of said paint. There was no specific warranty, and the question before us is: Was there an implied warranty? We think there was.

The paint was bought for one definite purpose, known to plaintiff, and was recommended by plaintiff as being fit for that purpose. Civ. Code, art. 2475.

■ The vendor, unless warranty is waived, warrants the thing sold as fit for the particular purpose for which it was bought. Fee v. Sentell, 52 La. Ann. 1957, 28 So. 279; Jackson v. Breard Motor Company, 167 La. 857, 120 So. 478; Stracener v. Nunnally Bros. Motor Co., 11 La. App. 541, 121 So. 617, 123 So. 911.

■ Plaintiff contends that the paint was not properly applied; that it was put on too thick. The record discloses that when part of the paint had been put on, defendant complained that it was taking too much paint, at which time a factory representative was sent out and advised plaintiff as to the manner of putting on the remainder of the paint. The amount put on under the direction of the factory man leaked as bad, if not worse, than the other part, where it is claimed the paint was applied too thick.

Another defense is that there were some nails left standing up in the roof that could cause it to leak. The evidence is conflicting on this point, and we attach very little importance to it. The nails were, no doubt,

directly over the rafters, and if the paint would stop other leaks, it certainly should have filled up around the nails. There is no definite proof that the leaks were where the nails were, and there is no proof as to how many nails were standing up.

Plaintiff contends that there was no complaint by defendant until several months after the paint was sold, and after demand had been made for payment. This is explained by the fact that it did not rain until some time after the paint was applied, and there was no way of knowing whether the rain would leak through or not, until it rained.

The other contention is that the defense of implied warranty is not available for the reason that the paint in question was a trade-named, or patented, article, and in support of this contention, cite Corpus Juris, vol. 55, pp. 755, 756.

Counsel in brief quotes as a completed sentence from these pages from Corpus Juris, that which is not a completed sentence. He has stopped at a comma instead of a period, and a reading of the complete sentence quoted from makes it, under the facts in this case, authority against his contentions.

The judgment of the lower court in favor of plaintiff for that part of the account covering the 178 gallons of roofing paint is incorrect. It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by rejecting plaintiff's demands for the sum of $124.60, the price of the paint, thereby reducing the judgment from $285.55, to the sum of $160.95, and as amended, the judgment of the lower court is affirmed; cost of appeal to be paid by plaintiffs and appellees.