**ACORN REFINING CO. v. RINGGOLD.**

No. 2159.

Court of Appeal of Louisiana. First Circuit.

Nov. 9, 1940.

Jos. A. Gladney and W. Frank Gladney, both of Baton Rouge, for appellant.

Appellee not represented on appeal.

DORE, Judge.

This is a suit for $185.45 for paint, stain, varnish, sizing, etc., sold by plaintiff to defendant, less a credit of $65.91 for materials returned, leaving a balance due of $119.54.

The defense is that the paint and other materials sold were defective and unfit for the purposes for which they were purchased. Defendant, assuming the position of plaintiff in reconvention, averred that he had expended the sum of $85 for labor in applying plaintiff's defective product, and that he would be required to expend $150 more to remove the same, thus damaging him to the amount of $235 for which he claimed judgment.

The trial judge, in a lengthy written opinion, reached the conclusion that the paint was defective and rejected the demands of plaintiff. He also rejected defendant's reconventional demand for the reason that the proof offered by defendant was insufficient to warrant an award. Plaintiff has appealed.

The defendant not having appealed from the judgment dismissing his reconventional demand and not having answered the appeal, we are not concerned with that part of the judgment dismissing defendant's reconventional demand, and the only question presented to us is the correctness vel non regarding plaintiff's demand and the defense thereto.

Civil Code, Article 2475, provides that "the seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells". Under Civil Code, Article 2476, "the warranty respecting the seller has two objects; -the first is the buyer's peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices". It is now well established, under these articles, that, in the absence of an express waiver of warranty, the vendor of paint, etc., warrants the thing sold as fit for the purposes intended. American Paint Works v. Metairie Ridge Nursery, 1 La.App. 396; Davis Co. v. Casso, 5 La.App. 565; Weaver Lumber Co. v. Paramount Wood Products Co., La. App., 146 So. 356. Under Article 2520, the defendant has the right to avoid the sale on account of redhibitory defects and vices in the thing sold; but under Article 2530 it is incumbent upon the buyer who desires to avoid the sale on account of a defect or vice in the thing sold to prove that the defect or vice existed prior to the sale, unless such defect or vice made its appearance within three days after the sale, in which latter case there is a presumption that the defect or vice existed prior to the sale. In the case at bar, the vices or defects complained of did not make their appearance within three days after the sale, and consequently the question for determination is whether or not the defendant has borne the burden of proving that they existed prior to the sale.

We agree with the trial judge that the evidence shows, that after the paint was applied on defendant's building it did not hold up, but cracked and roughed off soon after its application. That fact is admitted by plaintiff's agent who saw the building shortly after the paint was applied. It seems, then, that the determination of the case hinges on whether failure of the paint to hold up was due to its misapplication by the defendant or to a latent defect in the paint; in the former case there should be recovery and in the latter there should be no recovery.

It is shown that the cans containing the paint contained instructions as to how the paint was to be applied. Mr. Dunn, the agent of the plaintiff, examined the building and measured the concrete floors and figured the quantity and kind of paint necessary to be used. It is shown that the paint should be applied on concrete after it is dry, and there is some dispute as to whether or not defendant's concrete floors were dry at the time the paint was applied. However, as stated by the trial judge, three witnesses, to-wit, the defendant, the painter and the contractor, all testified that the concrete was dry and all surfaces were in proper condition for the application of the paint when it was applied, and it appears that their testimony constitutes a preponderance of the evidence on that point. It is also shown by preponderance

of the evidence that the paint was used and applied in accordance with the directions on the cans.

It is evident, since the paint was properly applied to surfaces which were dry and ready to receive it, that its failure to hold up was caused by some defect in the paint. We cannot find manifest error in that conclusion of fact reached by the lower court, and we therefore affirm the judgment below.