LOTTINGER, Judge.
The petitioner, Alan Randal Company, Inc., filed suit against Quality Oil Company, Inc. on open account for the sum of $186.54. The Lower Court rendered judgment in favor of defendant and dismissed the petitioner’s suit. The petitioner has appealed.
This suit was tried in the City Court of Lake Charles, Louisiana. There was no transcript of testimony, nor did the Lower Court assign reasons for judgment. The Lower Court, however, did file a statement of facts, which is contained in the record. The facts show that a salesman for petitioner company called upon the defendant to sell him mechanical pencils to be used as advertising material. Said salesman had previously worked for another company which had sold similar articles to defendant, and which articles had proved satisfactory. The salesman told the defendant that the pencils, as sold by the petitioner, would be of the same quality as those which he had previously sold to defendant.
*283 The statement of facts shows that an order was placed by defendant for pencils in the amount of $186.54. Some time thereafter the pencils arrived, and defendant handed same out to his customers as advertising’ material. Shortly thereafter the defendant discovered that the pencils were so defective as to be absolutely worthless as advertising material. The pencils broke within a very short period of time, and several of the witnesses testified that in their opinion the pencils created bad will instead of good will. All of the witnesses who testified below did so on behalf of defendant. The only evidence submitted by petitioner was their statement of account. Defendant claims that it is impossible to offer to return the pencils as they have been already passed out to its customers and other persons in the community, and it would be impossible to recover them because defendant has no list as to whom the pencils were given. However, a few of the pencils which were recovered were submitted into evidence although they are not contained in the record before use.
The Lower Court gave judgment for defendant and dismissed petitioner’s suit.
There is no question in our mind from a reading of the statement of facts as submitted by the Lower Court but that the pencils which were purchased for advertising material were absolutely worthless. The representative of petitioner company told defendant that they would be of the same quality as the pencils which he had sold defendant previously while working for another company. It is evident that his representations were false.
 The petitioner claims that under the codal articles dealing with redhibitory vices, there must be a tender to return the defective articles before the sale can be annulled. As a general proposition of law that statement is correct but that principle of law has certain exceptions. It is our understanding of the law that there are two exceptions to this general rule. First, when an actual tender is not possible; and second, where the vendor has done some act, or made some declaration which demonstrates that a formal offer to return the thing sold, would have been fruitless. Lewis v. Morgan, 14 La.Ann. 401; Chapman v. Matthews, 18 La.Ann. 118; Acorn Refining Co. v. Ringgold, La.App., 198 So. 394; Hivert v. Lacaze, 3 Rob. 357; Holcomb & Hoke Mfg. Co. v. Theodora, 1 La.App. 445; George v. Greenwood, 11 La.Ann. 299; Smith v. Taylor, 10 Rob. 133. In the case at bar, it is impossible to tender a return of the articles because they have been handed out by the vendee to the community as advertising matter and it is impossible to recover them because defendant has no record as to whom the pencils were given. We are therefore of the opinion that this case falls within the first exception to the general rule as hereinabove stated.
Furthermore, the record shows that the representative of the petitioner company told defendant that the pencils, as distributed by the petitioner company, were of the same quality as those previously sold by him while representing a different company. Evidently the pencils sold were of sufficient quality to be used as advertising matter, whereas the pencils sold by petitioner were useless for the purposes intended. The representations by the salesman were false, and the equity of the situation requires a judgment for defendant.
For the reasons assigned, the judgment of the Lower Court will be affirmed, all costs are to be paid by petitioner.
Judgment affirmed.