259 So.2d 99 (1972)
Roosevelt PETERS
v.
PATTISON PONTIAC CO., Inc.
No. 4584.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1972.
*101 Lenfant & Villere, Plauche F. Villere, Jr., New Orleans, for plaintiff-appellant.
John A. Shea, New Orleans, for defendant-appellee.
Before LEMMON, STOULIG, and BOUTALL, JJ.
BOUTALL, Judge.
This is an action to rescind a sale through redhibition. The facts before us are thus. Plaintiff owned a certain 1966 Pontiac Tempest automobile on September 2, 1969, at which time he contracted with the defendant to install on this automobile a new clutch assembly, consisting of a clutch disc, pressure plate, and a throw-out and other ancillary bearings, along with a new front universal joint (a separate assembly). Using new parts, defendant installed the assembly on or about that date, as evidenced by a repair order written by the defendant, and the testimony of all parties.
On November 10, 1969, plaintiff's sister-in-law, Miss Wilhelmina Broome, was driving the car from New Orleans to Bogalusa, Louisiana, when near Covington, Louisiana, the car suddenly broke down. The car was then towed to the nearest Pontiac Dealership, Letsch Pontiac-Buick, Inc., in Covington. Letsch then contracted to install on this same automobile a new clutch assembly (using rebuilt parts) consisting of exactly the same items previously installed by the defendant, excepting one small bearing, the pilot bearing. (The front universal joint was not involved.) The installation of these parts was sufficient to make the car run as well as it did prior to its stopping on the road.
Plaintiff then sued for rescission of the contract for the first repair job, alleging a vice in the thing sold which renders it unfit for use, under Louisiana Civil Code Article 2520, with a return to him of the consideration paid, or $146.43. In his supplemental petition, plaintiff avers knowledge of the vice on the part of the defendant-vendor and seeks an additional $500.00 in damages and $300.00 in attorney's fees. After trial on the merits, the case was dismissed in the court below, and plaintiff appeals.
The transaction between the plaintiff and Pattison Pontiac is in the nature of a sale. An entire clutch assembly consisting of several interworking parts was sold and installed by Pattison. The labor expended was necessary for the proper installation of the thing sold and was contracted for at the same time; it is not in the nature of employment to do labor, but was incidental to the sale. In Glenn v. Caire, 164 So.2d 656 (La.App. 3rd Cir., 1964), the defendant pleaded redhibition in defense of a suit for payment for an automobile air conditioning unit, and for labor performed in installing it. The entire transaction was held to be a sale (164 So.2d, at 659), and a plea of redhibition was proper.
To maintain an action of redhibition, the plaintiff must prove that the vendor sold a thing to him, that the thing contained a hidden vice, not apparent by ordinary inspection, which subsequently rendered the thing unfit for use, that the vice existed at the time of sale, and that the vendor did not advise him of it.
The evidence here shows that the plaintiff purchased a clutch assembly with installation from Pattison who did not advise him of a defect, but rather guaranteed the clutch for 90 days or 4,000 miles (whichever occurred first.) This guarantee had not expired at the time of plaintiff's difficulties, and was therefore a specific warranty as to the quality of the thing sold. This call in warranty is properly included in an action for redhibition. Plaintiff showed by uncontroverted proof that the automobile stopped and would not run, and that when a new clutch was installed, the auto ran well. The testimony of Mr. Bullen, the manager of Letsch, shows that *102 a new clutch assembly was in fact installed by Letsch. The repair orders of Letsch and Pattison list the same parts installed (except for a separate u-joint installed by Pattison). This, we feel, is sufficient to prove that the clutch was indeed defective.
Plaintiff offered no explanation as to the cause of the defect, but showed by affirmative proof, the uncontradicted testimony of Miss Wilhelmina Broome, the sister-in-law of the plaintiff, who drove the car 98% of the time, that except for two or three trips to Bogalusa, Louisiana, from New Orleans, the car was only driven 3 miles or so daily to and from work, was driven in a normal manner, and was not driven hard or abused in any way. The testimony of defendant's general manager Mr. McCloskey, who was certified by the Court as an expert mechanic, states that a clutch should not have broken in that short a period of time unless it was abused, or had been set too tight at installation; since normal wear and tear would not affect it so. No testimony of other evidence was offered to show misuse or abuse by the plaintiff or Miss Broome.
We feel that the evidence establishes lack of abuse by the vendee and that a defect was shown. Under the circumstances herein, the vice must therefore have existed at the time of sale. The vendee need not, in a sale of complicated machinery, prove the exact cause of the defect, which rendered the thing unfit for use, but a showing by preponderance of the evidence that one must have existed is sufficient. J. B. Beaird Co. v. Burris Bros., 216 La. 655, 44 So.2d 693 (1949); Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871 (1924); Bergeron v. Mid-City Motors, Inc., 162 So.2d 835 (La.App. 1st Cir., 1964); Breeden v. General Motors Acceptance Corp., 140 So.2d 680 (La.App. 4th Cir., 1962). This does not mean that the vendee in every case need only allege a defect to rescind the sale; but each case must be taken on its own facts and circumstances. Where a defect may be caused by a redhibitory vice or by subsequent abuse, if proof is made of no abuse, the cause of the defect in a complicated mechanical device need not be proved to perfect the action of redhibition. This may at first seem to be at odds with the case of Ditta v. Polk Chevrolet, Inc., 196 So.2d 672 (La.App. 1st Cir., 1967); however, in that case the cause of the defect in a new automobile could have been abuse or a condition proved by expert testimony not possible in such a new car. Thus, the vendee's testimony, under the circumstances, of no abuse was disbelieved. Ditta thus stands on its own facts.
Where abuse was not at issue, no cause could be advanced by either party for the defect of an automobile air conditioner in Glenn v. Caire, supra, yet obviously, there was a defect, and the action of redhibition was maintained. We feel, therefore, that in each case the circumstances determine application of this rule, and that in the present case, the vendor having warrantied the sale, and the plaintiff having proved no abuse, the vendee need not prove the exact cause of the defect in a piece of complicated machinery to recover in redhibition. (See also: Jackson v. Breard Motor Co., 167 La. 857, 120 So. 478 (1929).
Plaintiff has proved by uncontroverted testimony the tender back to vendor of the defective clutch plate, which was rejected by the vendor or his employee; therefore, this action will not be reduced to one in quanti minoris. However, the item sold to the plaintiff by Pattison not alleged to be defective nor replaced by Letsch, the u-joint, must be subtracted from the sale of the clutch. Pattison's repair estimate, stipulated by both parties as accurate, shows this to be $6.50 for labor and $11.60 for the part.
Plaintiff seeks an additional $800.00 in the form of damages and attorney's fees, alleging defendant's knowledge of the vice when sold, under article 2545 of the Code. The fact of knowledge must be established by competent evidence, however, and not by mere allegation that since the thing sold was defective, and defendant installed it, then defendant knew of the *103 defect. There is no evidence whatsoever in the record to show knowledge of the defect by the defendant, who was not the manufacturer but merely a retail seller and installer of the parts. Therefore, this claim must be denied.
Accordingly, the decision below dismissing the suit is hereby reversed, and a judgment for the plaintiff entered, in redhibition of the sale, for the sum of $146.43 less the amount of $18.10, as noted above, or a total of $128.33. All costs are assessed against the defendant, including the costs of this appeal and those below.
Reversed.