KING, Judge.
The sole issue presented by this appeal is whether or not the trial court was correct in finding that defendant had proved its reconventional demand of redhibition, in rescinding the sale, and in ordering the plaintiff to pay attorney’s fees and court costs.
Ronald McCauley, d/b/a McCauley’s Gifts and Interiors (hereinafter plaintiff) filed suit on open account against Dallas and Lou Chapman (hereinafter defendants) to recover for the cost of merchandise and services sold on open account. Defendants reconvened to set aside the sale, on the basis of redhibitory defects in the merchandise sold, and for attorney’s fees and court costs. After a trial on the merits the trial court denied plaintiff’s claim, granted defendants’ reconventional demand, set aside the sale, and awarded defendants and plaintiffs in reconvention attorney’s fees and court costs. A formal written judgment was signed. Plaintiff timely filed this devolutive appeal. We affirm.
FACTS
In September, 1986, defendants, Dallas and Lou Chapman, purchased from plaintiff, Ronald McCauley, d/b/a McCauley’s Gifts and Interiors, certain custom made draperies, valances, bathroom curtains, curtain rods and other accessories for windows together with the services of measuring and installing of these items for a price of $1,650.84. These draperies and other items were ordered by plaintiff from Normans, Inc., a custom drapery manufacturer in Salisbury, North Carolina, who was originally made a third-party defendant to this action. The claim against Normans, Inc. was compromised and settled, and the suit against them dismissed.
Plaintiff was recommended to defendants by Mrs. Chapman’s sister, Willie Mae Fruge. Mrs. McCauley and her employee, Rollins Edwards, went to the defendant’s home and personally measured the windows for the draperies and accessories. Thereafter, Mrs. Chapman and her sister went to plaintiff’s business establishment for the purpose of choosing fabrics for the draperies and valances. Mrs. Chapman chose colors and fabrics from various books of samples shown to her by Mrs. McCauley. Mrs. Chapman testified that she was concerned whether the fabric she had chosen “would do up nicely” regarding pleating and hanging, so she asked Mrs. McCauley’s opinion. Mrs. Chapman was told that the fabric would be suitable and Mrs. Chapman “trusted her judgment and that was it.”
The draperies and other items were ordered and delivered to plaintiff’s business establishment several weeks later. Within the following week, Mrs. McCauley began installing the draperies. When the first window was installed, Mrs. Chapman commented that the seams were open and the pleats were not folding correctly. Mrs. Chapman explained the problem to the court at trial and testified that when she voiced her complaint to Mrs. McCauley, she was told to “let them [the draperies] hang and they would be all right in two or three weeks.” After that time, Mrs. Chapman tried to phone Mrs. McCauley to redo her draperies, but Mrs. McCauley was never available to speak with her. Finally, Mrs. Chapman went to plaintiff’s establishment to choose some wallpaper and was able to again relate her dissatisfaction with the draperies to Mrs. McCauley. Mrs. Chapman asked for ninety days in which to finance the draperies and left the shop believing that her draperies would be al *607 tered and that she would have ninety days to pay for the drapery purchase and installation. When no alterations occurred, Mrs. Chapman called Mrs. McCauley three more times. She spoke with Mr. McCauley and asked him to have his wife either redo her draperies or take them out of her house.
Carola Ann Andrepont, an interior designer with thirteen years of experience, was retained by Norman’s, Inc. to investigate whether the specifications of the draperies it made agreed with those given by Mrs. McCauley in the order. She was qualified and accepted by the court as an expert witness in interior design. Ms. Andrepont found that although Norman’s, Inc. had made the draperies exactly according to the measurements given by Mrs. McCauley, the windows were measured improperly. One set of draperies was not wide enough for the windows and another set was too wide for the windows. The valances showed their seams. The draperies gapped and would not pleat evenly, and the rods were hung too low on the wall. Ms. Andre-pont testified that the fabric was wrong for pleats and that Mrs. McCauley should have warned Mrs. Chapman of that fact. She also testified that she did not personally care for the finished product and that she would have suggested other material to defendants.
Karen Bieber, an interior designer with eight years of experience, also examined the draperies. She was also qualified and accepted as an expert witness by the court. Ms. Bieber noted that the seams did not match on the valances, the draperies were not pleated properly and that the fit was improper. She echoed Ms. Andrepont’s opinion that the material was too heavy for pleating. She did admit that she never touched the draperies, but could ascertain the heaviness of the material with her eyes. Ms. Bieber commented that, in her opinion, the draperies were not pretty.
Plaintiff filed suit only 85 days after the debt became due and the amount of the debt itself was not an issue at trial. The trial court rendered judgment in favor of defendant on the main demand dismissing their suit at plaintiff’s cost. On the recon-ventional demand, the court found that defendants had proved their action in redhibition, rescinded the sale, and awarded attorney’s fees and court costs. A formal judgment was signed. This timely devolutive appeal followed.
LAW
The facts and legal principles at issue in this case were set forth in the trial court’s excellent written reasons for judgment which we adopt as our own:
“This litigation commenced as a suit on an open account by Ronald McCauley, d/b/a McCauley’s Gifts & Interiors (McCauley’s) against Dallas Chapman and Lou Chapman (the Chapmans) to recover the amount of $1,650.84, plus interest and attorney fees and costs, alleging that the Chapmans had purchased certain draperies and other merchandise, all as will be more fully shown by the petition and attachments herein, and which the Chapmans had refused to pay.
The Chapmans answered and reconvened against McCauley’s all as will be more fully shown by reference to the answer and re-conventional demand.
There was a third party demand by the Chapmans against Normans Inc. of Salisbury, North Carolina, the manufacturer of the draperies. However, this claim has been compromised and settled, and no longer forms part of this suit.
From the evidence adduced at trial it was shown that Mrs. Chapman contacted Mrs. Betty McCauley regarding the purchase and installation of certain drapes for the Chapmans’ house in Mamou, Louisiana. Mrs. McCauley went over to the Chapmans’ house and measured the various windows in their house for the drapes. Later on, Mrs. Chapman and her sister went to McCauley’s where they were shown various samples of material, and Mrs. Chapman chose the ones she wanted, which Mrs. McCauley ordered from Norman’s Inc.
There is no question that errors were made in making or taking measurements of certain windows. This was admitted by plaintiff at trial, and proved by other evi *608 dence. Norman’s made the drapes exactly as they were instructed to do by McCau-ley’s, and consequently, some of them did not correctly fit the windows due to the faulty and erroneous measurements previously referred to.
Immediately after the drapes were hung the Chapmans noticed several glaring aspects about them. The bathroom drape was completely unsuitable, and the drapes in the living room were too long, did not pleat correctly, and the material was, in the Chapmans’ opinion, completely unsuitable for their purpose. None of the drapes pleased the Chapmans. They notified McCauley’s of the defects and deficiencies of the drapes. At first nothing much was proposed by McCauley’s to remedy the situation. However, later on McCauley’s did make certain suggestions to remedy the matter, but the Chapmans refused because, in their opinion, nothing could be done to correct the defects and vices inherent in the fabric.
Then the Chapmans were sued about eight-five days after the installation of the drapes by McCauley’s, although the Chap-mans claim they had been promised ninety days before having to pay the bill; and the court finds as a fact proven that they had been allowed ninety days credit.
As so often happens in cases of this sort, there are irreconcilable conflicts in the testimony of the witnesses, especially between the plaintiff and defendants, and even between the expert witnesses who testified. However, the court finds as a fact proven that McCauley’s did not properly or adequately inform or advise the Chapmans of the true nature of the materials they had selected from samples shown them.
Be that as it may, experts examined the drapes, and their opinions are in evidence. They do agree on some points, but disagree as to some other aspects of the draperies.
The Chapmans are completely dissatisfied with both the draperies and the job, and seek the rescission of the contract, the return of the drapes to McCauley’s, the cancellation of the indebtedness, and attorney’s fees.
Article 2520 of the Civil Code declares that ‘Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.’
The court is of the opinion that had the Chapmans been aware of the vice or defect in the drapes they would not have purchased them. Buck v. Adams, App. 1st Cir.1984, 446 So.2d 895. And, of course, it is elementary that redhibition is implied in all contracts unless it is clear that parties intended to confect a sale irrespective of vices and defects. Combs v. International Harvester Co., App.1959, 115 So.2d 641.
And purchaser must prove that the vendor sold a thing to him which contained a hidden vice not apparent by ordinary inspection, and that the vice existed at the time of sale, and that the vendor did not advise plaintiff of it. Peters v. Pattison Pontiac Co. App.1972, 259 So.2d 99. Coleman v. Landry & Turner, Inc. App.1982, 423 So.2d 41.
It is a well-settled and established principle of law that purchasers who meet the criteria set forth in C.C.Arts. 2520, 2530, and 2545, all of which are in pari materia and must be read and construed together, together with the jurisprudence thereunder, are entitled in an action of redhibition to a rescission of the sale and a return of the purchase price if paid, or the cancellation of the debt if unpaid, together with damages, attorney’s fees, and costs.
The court has carefully reviewed the pleadings, evidence, law and jurisprudence, and finds that McCauley’s has not proven its case by a preponderance of the evidence, and therefore, is not entitled to recover against the Chapmans on the main demand, and therefore, McCauley’s suit must be dismissed at its cost.
On the reconventional demand, the Chapmans have proven to the court’s satisfaction that the draperies are totally unfit for the purposes for which they were bought, and are entitled to judgment re *609 scinding the sale for defects inherent in the material and workmanship, and to return the materials purchased from McCauley’s to them, and to the cancellation of the indebtedness. Further, they are also entitled to attorney’s fees of $750.00, plus court costs.
The court fixes the fee of the expert witness, Mrs. Karen Bieber, at $100.00 to be taxed as costs.
Therefore, counsel for defendants, plaintiffs in reconvention, will prepare judgment in conformity with this opinion, submit it to opposing counsel for approval as to form, and thereafter present the same to the court for rendition and signature.”
After carefully reviewing the evidence and the entire record of this matter, we affirm the judgment of the trial court, finding that the trial court was not manifestly in error or clearly wrong in its findings of fact and application of the law. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koekring Company, 283 So.2d 716 (La.1973). All costs of this appeal are taxed to plaintiffs-appellants.
AFFIRMED.