The opinion of the court was delivered by
Breaux, J.
Plaintiffs, in each case the transferee of the- vendor to the defendant of sugar house machinery, brought this suit to recover a part of. the purchase price. This vendor made an assignment of part of his claim to Fee, and of the other part to Morris. Each of the transferees brought suit in his own name. Fee’s case was allotted to .Division A of the Civil District Court, and Morris’ case was allotted to Division E, of the same court.
Defendant filed an answer in each case. Some time after these answers had been filed, the defendant filed a supplemental answer in each case alleging that whatever amount, if any, was due by the respondent to his vendor, such indebtedness is indivisible; that defendant cannot be compelled to accept any new creditor in lieu of his vendor, by virtue of any partial assignment and with such new creditors singly litigate his rights and the defences he may have against his vendor (W. R. Taylor). A motion was made on the part of one of the plaintiffs to transfer the Morris case to Division A of? the District Court, as the case involved the same issues as those involved in the Fee case, and shortly after the case had been transferred, the two cases were consolidated upon the condition that the vendor of the machinery and the transferror to Fee and Morris, plaintiffs, was to be made a party to the suit. Defendant’s counsel oxaposed the motion to consolidate chiefly because, at that time, the Morris vs. Sentell case was a jury case, and the Fee vs. Sentell one, was not. Fee, then, presented an application for a jury, and the same was granted. The transferror, Taylor, was made a party and the minutes of the court show that there was consent on the part of the defendant. All the parties are before the court.
The objection to the indivisibility of the obligation at this stage of the proceedings raises only an abstract question. Defendant made this *1959 plea a part of his answer. It was not presented as an exception. It was never assigned for trial. Just prior to empanelling the jury, .the court was asked to pass upon it. We think that it was too late and that the court ruled properly in treating it as a part of the answer, and as being presented too late to justify it in delaying the trial for the purpose of its decision (and in letting it go to the jury for their decision).