(101 Sō. 871)

No. 24679.

## CRAWFORD v. ABBOTT AUTOMOBILE CO., Ltd.

(Nov. 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Sales ⚖⇒273(1)—Secondhand article must be able to do work intended.**

A secondhand article must be fit to do the work which was intended.

2. **Sales ⚖⇒273(1)—Automobile, whether secondhand or not, is not fit for purpose intended if it is not in running condition.**

Automobile, whether secondhand or not, is not fit for purpose intended if it is not in running condition.

3. **Sales ⚖⇒273(1)—Seller warrants thing sold to be fit for purpose intended, in absence of express waiver of warranty.**

Unless warranty is expressly waived, seller warrants that the thing sold is fit for the purpose intended.

4. **Sales ⚖⇒441(3)—Not incumbent on·buyer to show underlying cause of defect, particularly when thing is complicated piece of machinery.**

Buyer need not show particular cause of defects which make thing sold unfit for intended purpose, particularly when that thing is complicated machinery; proof of actual existence of such defects being sufficient.

5. **Appeal and error ⚖⇒1008(1)—Findings of fact of trial court not disturbed, unless manifestly erroneous.**

The findings of fact of a trial judge will not be disturbed, unless manifestly erroneous.

6. **Sales ⚖⇒441(3)—Evidence held to sustain finding truck did not run because of defective engine.**

Evidence *held* to sustain finding truck did not run because of defective engine.

7. **Sales ⚖⇒440(3) — Exclusion of testimony showing details of overhauling of truck held not error, in view of testimony that truck was secondhand and rebuilt.**

Where defendant's witness was allowed to testify that secondhand truck sold to plaintiff had been "done over" and "rebuilt," details of that overhauling were properly excluded·as irrelevant.

8. **Appeal and error ⚖⇒1151(2)—Facts held to justify reduction of buyer's judgment on account of return of part premiums of insurance policy.**

Where buyer's recovery for breach of sale warranty included insurance premiums paid, and proof shows policies canceled, and part of premiums returned, Supreme Court will reduce judgment by amount so returned.

9. **Costs ⚖⇒238(1)—Where reduction of judgment by Supreme Court is based on error by it discovered, appellant will be taxed appeal costs.**

Where Supreme Court's reduction of judg-. ment is based upon error not called to its attention, nor to attention of trial court, costs of appeal will be taxed to appellant, pursuant· to Act No. 229 of 1910.

O'Niell, C. J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by James W. Crawford against the Abbott Automobile Company, Limited. Judgment for plaintiff, and defendant appeals. Reduced, and as so reduced affirmed.

Milling, Godchaux, Saal & Milling and Frymire & Ramos, all of New Orleans, for appellant.

Walter G. Wedig and Charles J. Rivet, both of New Orleans, for appellee.

By the WHOLE COURT.

ST. PAUL, J. [1, 2] The trial judge rendered a written opinion herein, which is · as follows:

"Plaintiff sues defendant for the return of $1,000 cash paid defendant on account of $2,000, the purchase price of a Pierce-Arrow truck; for the return of ten notes of $100 each, the. balance of said purchase price payable from one to ten months, consecutively; and for the sum of $236.25 paid for a body placed by plaintiff on said truck, and for $204 paid for insurance on said truck.

"The petition, in substance, alleges that the truck after purchase did not run. The defense,· in substance, is that the truck was and is now. in good order, and, if damaged, was damaged by plaintiff.

"In the written act of sale the truck was guaranteed.

"The facts, in substance, prove, and are, that after the purchase of the truck it was sent to a blacksmith to have a body put on; it was then taken by defendant and delivered to plaintiff, and both of them ran the truck a few squares. The truck would not run, and was returned to defendant for repairs. The plaintiff had the truck and ran it with an experienced driver four days, and in that time the truck would not run. The cause of the trouble was in the motor. The truck met with an accident by running into a stone post, commonly called a 'nigger baby,' and would not run. It is proved that this accident damaged the steering gear and some other parts of the truck, but did not injure and had nothing to do with the motor.

"The law of the case is stated and settled by the Court of Appeal in the case of Otto T. Hirsius v. Capital City Auto. Co., No. 7420 of the docket of that court, not yet reported. Under the law and the facts established by the evidence, judgment should be and is rendered in favor of plaintiff as prayed for."

## I.

Defendant says in his brief:

"These findings * * * are partly erroneous; * * * the facts are that this truck was sold as a secondhand truck, so known to plaintiff at the time of the sale, and the only guarantee was that it was in good running condition."

To this it suffices to answer in the language of this court in Fee v. Sentell, 52 La. Ann. 1957, 28 So. 279, to wit: "We will not fall into the error of supposing that a secondhand machine can do the work of a new one, but it must be fit to do the work [which] * * * was intended," and in the further language of the Court of Appeal in the case cited by the trial judge, viz., "And an automobile which is not in running condition is manifestly not fit for the purpose intended." We do not think there is any difference between court and counsel on these points; and the only question seems to be whether the automobile was in running condition when delivered.

## II.

[3, 4] The doctrine laid down by the Court of Appeal in the case cited by the trial judge is as follows:

"(1) Unless warranty be expressly waived, the vendor warrants that the thing sold is fit for the purpose intended, citing Fee v. Sentell, 52 La. Ann. 1957.

"(2) It is not incumbent upon the buyer to seek out, allege, and prove the particular and underlying cause of the defects which make the thing sold unfit for the purpose intended, particularly when the thing is a complicated piece of machinery; but it suffices if he alleges and afterwards proves as a fact that such defects exist."

## III.

[5, 6] The trial judge has stated his conclusions of fact, and it would serve no useful purpose to attempt a review of the testimony herein. Suffice it to say that plaintiff testifies that the truck would not start from the very beginning; that he had it four days and could make only four loads with it; that it was constantly stopping and could not be started again, except by a mechanic, although in charge of a competent chauffeur, and a number of witnesses corroborate him.

On the other hand, the testimony of several witnesses for the defendant is that the reason was that this chauffeur (competent or incompetent) attempted to run the truck at times without gas, at times without oil, at times without water, or with an insufficiency of either; whereas the truck should have been supplied at all times with an abundance of all three; that the chauffeur did not seem to have the "knack" of starting the truck.

But the trial judge, who heard all the witnesses, reached the conclusion that the fault lay with the engine and not with the chauffeur, and we are unable to see where he erred. This court has repeatedly said that the findings of fact of a trial judge will not be disturbed unless manifestly erroneous, and, when such error is manifest, it should be easy to point it out, which appellant has not done in this case.

## IV.

[7] Appellee complains that the trial judge excluded certain evidence which should have

been admitted. Here is the matter in full (defendant's service manager testifying):

"Question: Do you remember what work was done on this truck?

"By Mr. Rivet: I object to any evidence going to show what work was done on the car prior to date of sale.

"By the Court: Q. Was that a new truck? A. No, it was an old one done over.

"Q. How old was that truck? A. I judge three or four years old, and it was rebuilt and sold as a secondhand truck.

"By the Court: Objection sustained. Proceed on another line."

As the witness was thus allowed to testify under the court's own questioning that the truck had been "done over" and "rebuilt," the ruling of the court therefore excluded only the details of that overhauling, which details were clearly irrelevant. We see neither error nor harm in the ruling.

### V.

[8] In going over this record we find that the only proof adduced of the $204 of insurance claimed by plaintiff is the underwriter's bill, sworn to as correct by plaintiff. That bill shows the total premiums were $174; that the policies were canceled after suit was filed and a return premium of $121.80 allowed plaintiff, leaving therefore a balance of $52.20 due and paid by plaintiff; that is to say, $151.80 less than $204 claimed and allowed by the trial judge. So that the judgment appealed from should be reduced by that amount and made $1,288.-45 instead of $1,440.25.

As the trial judge's attention was evidently not called to this (since appellee has not called it even to our attention), we will exercise the discretion vested in us by Act 229 of 1910, page 388, and tax the costs of this appeal upon the appellant notwithstanding our amendment of the judgment.

### Decree.

[9] The judgment appealed from is therefore amended by reducing the amount of the moneyed judgment against defendant from $1,440.25 to $1,288.45, with legal interest from judicial demand and costs. And as thus amended said judgment is affirmed at the cost of defendant-appellant.

O'NIELL, C. J., dissents, being of the opinion that the evidence does not show that the truck was defective when it was delivered to plaintiff.