HERGET, Judge.
This is an action in redhibition and for damages arising out of the sale of a used 1956 Chevrolet sedan by Smith Chevrolet Company, Inc. to plaintiff, Clarence Route, Sr.
The Trial Court rendered judgment in favor of Plaintiff and against Defendant for damages in the sum of $477:10, from which judgment Defendant brings this appeal.
Plaintiff, who operated a taxicab line in Covington, Louisiana, on April 22, 1959 purchased the vehicle from Defendant with the express and understood purpose of using same in his taxicab business. The sale price was for the sum of $1,354.25, of which amount Plaintiff paid in cash the sum of $300 and executed a note for the balance of $1,054.25. This note was transferred by Defendant to General Motors Acceptance Corporation.
According to the testimony of Plaintiff, on the day following his purchase of the vehicle he returned same to Defendant and demanded that because of its prohibitive use of oil he be given another car in *60 exchange or that his down payment be refunded to him. The Defendant refused to comply with his requests hut did offer to undertake repairing the vehicle for an estimated cost to Plaintiff of $35. Plaintiff refused to accept this offer and left the vehicle in the possession of Defendant.
When the first installment on the note became due, upon Plaintiff’s failure to pay same, a foreclosure proceeding was instituted by General Motors Acceptance Corporation and at the sale, under the order of seizure obtained, defendant, Smith Chevrolet Company, Inc., became the purchaser of the automobile.
Subsequent to the foreclosure sale Plaintiff instituted this suit against Defendant. To this petition, Defendant filed exceptions of no cause or right of action maintaining that Plaintiff having lost title to the vehicle by virtue of the foreclosure proceeding he could not comply with the decisions of the Courts of Louisiana holding in an action in redhibition the article purchased must be returned to the seller so that the status quo of the parties might be restored. In support of its exceptions Defendant relies upon the cases of Kings Truck & Body Works v. Barrett, La.App., 39 So.2d 601; Hitt v. Herndon, 166 La. 497, 117 So. 568 and Henderson v. Leona Rice Milling Co., 160 La. 597, 107 So. 459. The District Judge referred the exceptions to the merits and did not specifically render judgment thereon, though by granting judgment finally in favor of Plaintiff on the merits of the case said exceptions were impliedly overruled. The authorities relied upon by the Defendant are inapposite to the factual situation herein for the reason the petition alleges Plaintiff tendered the automobile to Defendant which was refused by Defendant and, further, Plaintiff makes the allegation in his petition that at the sale under the foreclosure proceeding Defendant became the purchaser and therefore there was nothing to prevent the Court from rescinding the sale and putting the parties in status quo if it concluded to do so.
The evidence on the trial of the case shows when the Plaintiff tendered the car to Defendant on April 25, 1959 despite the refusal of the Defendant to accept the tender the car remained in the possession of Defendant from that time until it purchased same at the foreclosure sale. It having affirmatively been shown a tender of the car had been made to Defendant, such tender satisfies the requirements of the law giving Plaintiff a right to ask for a recision of the sale. Port Finance Co., Inc. v. Campbell, La.App., 94 So.2d 891. Therefore, the Trial Judge should have overruled the exceptions of no cause or right of action filed by Defendant.
This suit was brought under Article 2520 of LSA-Civil Code, which provides:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
And Article 2530, which provides:
“The buyer who institutes the red-hibitory action, must prove that the vice existed before the sale was made to him. If the vice was made its appearance within three days immediately following the sale, it is presumed to have existed before the sale.”
It is Defendant’s contention that under the case of Twin City Motor Co., Inc. v. Pettit et al., La.App., 177 So. 814 the fact that a secondhand automobile burns oil is no basis for rescinding the sale thereof. Factually that case is not similar to the case at bar for the reason in the cited case after the discovery of the alleged redhibitory vices complained of by Plaintiff, which included the excessive use of oil, the Plaintiff therein retained the vehicle for some 4i/£ months driving same some 3,000 miles, and the Court concluded such conduct barred the purchaser from raising the issue, *61 holding that the purchaser could not continuously use a defective chattel, make payments on the price, and then turn it back to the seller and escape further liability on the price after it has in a substantial measure served the purposes for which it was purchased. Under LSA-Civil Code Article 2543 the Court reduced the price by $40, the amount necessary to make repairs to stop its excessive oil consumption. In the case before us, though there is a dispute Plaintiff returned the car to Defendant the following day, admittedly the car was returned to Defendant by Plaintiff within two days of the sale and retained by Defendant.
The evidence further reveals after Defendant purchased the automobile at Sheriff’s Sale it admittedly removed the motor from same and gave it a general overhaul. Plaintiff had an expert witness who testified such undertaking would cost in the neighborhood of $275 to $300, whereas an officer of Defendant testified such could be done by him at a maximum cost to himself of $100.
In respect to the prohibitive use of oil by the vehicle, Plaintiff testified on the night of the day he purchased the car he tested same by driving some 60 miles and upon checking he found the crank case to be practically empty of oil; that he returned the car to Defendant and upon its representation that same had been repaired he again tested the vehicle to ascertain the consumption of oil with the same result, following which he returned the vehicle to Defendant with the demand he be given another car or his down payment be refunded to him. While, concededly, a secondhand car may be expected to burn some oil, under no circumstances could a purchaser of a secondhand car for a substantial price be held to reasonably anticipate the vehicle would burn four quarts of oil in 60 miles. It therefore is apparent this prohibitive use of oil evidenced the fact the motor of this car was defective and same was not fit to perform the work which Plaintiff could reasonably expect of it. Though Defendant questioned the fact the car consumed four quarts of oil in 60 miles, admittedly on the sole basis Plaintiff so advised it of that fact, Defendant removed the motor from the vehicle and overhauled it prior to selling it to a third purchaser. To us, this is absolute proof of the defective condition of the motor and therefore, without question, Plaintiff has sustained the burden of proof of showing redhibitory vices which justified a recision of the sale.
Defendant maintains under its OK Warranty it had sold the vehicle to Plaintiff on the condition that for the first 1,000 miles driven by Plaintiff on the car the repairs would be made to the vehicle at 1/2 price. There is no express waiver by Plaintiff of warranty in the record and in the absence thereof the vendor warrants the thing sold is fit for the purpose intended. Fee v. Sentell, 52 La.Ann. 1957, 28 So. 279; Crawford v. Abbott Automobile Co., Ltd., 157 La. 59, 101 So. 871; Jackson v. Breard Motor Co., Inc., 167 La. 857, 120 So. 478.
The vice having made its appearance within 3 days immediately following the sale to Plaintiff is presumed to have existed before the sale. LSA-Civil Code, art. 2530.
It is apparent from the record Plaintiff was correct in his position that the motor in the vehicle sold to him was so imperfect it warranted a recision of the sale, as certainly the admitted necessity of a general overhaul of the motor to remedy not the excessive use of oil by the vehicle but the prohibitive use of oil warrants the conclusion the automobile was not fit for its intended use.
As heretofore noted, the Trial Court did not specifically rescind the sale of the vehicle from Defendant to Plaintiff but in awarding damages to Plaintiff resulting from the sale impliedly did so. The damages awarded to Plaintiff was for the sum of $477.10 representing $300 which *62 was the down payment made by Plaintiff to Defendant on the purchase of the car; $38.50 paid for a taxi license; and $138.60 cost paid by Plaintiff to General Motors Acceptance Corporation to relieve his liability in the foreclosure proceeding’. These items were proven as damages sustained by Plaintiff resulting from the sale to Plaintiff by Defendant of the vehicle possessed with a redhibitory vice and, accordingly,
For these reasons the judgment of the Trial Court is affirmed.
Judgment affirmed.