148 So.2d 800 (1962)
Richard DAVIS
v.
BRYAN CHEVROLET INC. and Commonwealth Finance Co.
No. 820.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 1962.
Rehearing Denied February 4, 1963.
Certiorari Denied March 25, 1963.
*801 John W. Bryan, Jr., New Orleans, for defendant-appellant Bryan Chevrolet Inc.
Rader Jackson, New Orleans, for plaintiff-appellee.
Maurice G. Indest, and Arthur v. Flotte, New Orleans, for defendant Commonwealth Finance Co.
Before REGAN, SAMUEL and TURNER, JJ.
REGAN, Judge.
Plaintiff, Richard Davis, instituted this suit against the defendants, Bryan Chevrolet, Inc., from whom he purchased a defective truck, and Commonwealth Finance Co., from whom he borrowed the money to finance the purchase thereof, endeavoring to have the sale rescinded and the price returned and to be reimbursed for all expenses he incurred in an effort to place the vehicle in running condition; and further, to have his obligation to the defendant finance company decreed cancelled.
In the event the court refused to cancel his debt to the finance company, plaintiff alternatively requested the rendition of a judgment against the defendant seller in the amount he was obligated to repay the lender.
Defendant, Bryan Chevrolet, Inc., answered and denied that the truck was defective when it was purchased, and insisted that the plaintiff had accepted the vehicle without a warranty thereon.
Defendant, Commonwealth Finance Co., asserted that it was the holder in due course of a promissory note, payable to Bryan Chevrolet, Inc. and endorsed by it in blank in the sum of $525.60, which plaintiff executed to buy the truck; that it possessed no knowledge of any defects and therefore its obligation should not be cancelled.
Then, assuming the position of plaintiff in reconvention, the finance company averred that plaintiff owed it a balance of $490.56 on the above described note, plus 8% interest and 25% attorney's fees. In addition, the lender related that Davis was indebted to it in the sum of $40.56, the unpaid balance on a $50.00 promissory note, plus interest at the small loan rate of 3½% per month.
*802 In the alternative, assuming the position of third party plaintiff, the lender asserted that Bryan Chevrolet, Inc. was liable for the amounts due on both notes.
The trial court rendered judgment:
(1) Against the defendant, Bryan Chevrolet, Inc. and in favor of plaintiff in the sum of $355.55, representing the sum of $610.00 expended by him for the purchase of and attempted repairs to the vehicle, minus the sum of $254.95, the estimated cost of repairing certain damage caused by plaintiff to the body of the truck.
(2) Against the defendant in reconvention, Richard Davis, and in favor of Commonwealth Finance Co., in the sum of $490.56, together with interest at the rate of 8% per annum from October 24, 1960 until paid, and 25% of principal and interest as attorney's fees, and all costs.
(3) Against the defendant in reconvention, Richard Davis, and in favor of Commonwealth Finance Co., in the sum of $40.56, together with interest at the rate of 3½% per month from November 3, 1960 until paid, except that interest on the unpaid balance, if any, until October 8, 1962, shall be at the rate of 8% per annum, and for all costs.
(4) Against the plaintiff dismissing his suit against the defendant, Commonwealth Finance Company.
(5) Against the third party plaintiff, Commonwealth Finance Company, dismissing its suit against Bryan Chevrolet, Inc.
From this judgment, defendant, Bryan Chevrolet, Inc. has prosecuted this appeal. Plaintiff answered the appeal and insisted that the trial court erred in failing to render a judgment to compensate him for all the expenses and liabilities he incurred as a result of the purchase, and in deducting from the sale price of the truck an inflated estimate to repair damage thereto.
The record reveals that on August 24, 1960, plaintiff purchased a 1954 Ford pickup truck from Bryan Chevrolet for the sum of $500.00. He traded in a 1950 Chevrolet, for which he received a credit of $125.00, and he gave the seller $5.00 cash. This left a balance due of $370.00. Bryan Chevrolet accepted a promissory note, payable to it and secured by a chattel mortgage on the vehicle, for $525.60, which included the balance of the sale price, interest thereon totaling $93.67 and an insurance premium of $61.93. Bryan Chevrolet then negotiated this note to Commonwealth Finance Company, who, all parties concede, is a holder in due course.
Shortly after the plaintiff drove the truck away from the premises of the vendor, he discovered that it was defective in that it consumed four quarts of oil in traveling two miles. He returned the vehicle to the vendor the following day and the vendor's agents agree that the truck was burning excessive quantities of oil when it was returned.
Defendant seller then offered to repair the vehicle if plaintiff would pay half the cost, which amounted to $104.45. In order to secure funds to pay for his share, plaintiff, following the suggestion of Bryan's agent, obtained a loan of $49.50 from the defendant lender by executing a promissory note for the face value of $50.00 on September 8, 1960. Plaintiff paid this amount to Bryan. On September 21, 1960, plaintiff paid an additional $18.00 on this repair bill and this left a balance due of $36.95, which has never been liquidated.
The record reflects that plaintiff returned the truck to the vendor on several occasions for the purpose of correcting the defect, but this was never accomplished. Although he lived only 17 miles from Bryan's used car lot, he was successful in driving the truck to his home only two or three times.
Finally, within four months of the purchase, 30 days of which the truck was in a repair shop, plaintiff returned it to Bryan Chevrolet, and it was still in the defendant seller's possession when the trial hereof *803 occurred. The vehicle, when it was returned, reflected damage to the right side and fender and some of the glasses therein were broken; however, it was not delivered to plaintiff in this condition.
Defendant seller produced two experts who testified that it would cost $254.95 to repair the entire damage and $203.09 to repair the body of the truck. The low estimate did not include the cost of replacing the broken glasses.
Predicated on the foregoing facts, the trial judge rescinded the sale and returned the purchase price and the amount expended by the plaintiff in endeavoring to correct the defect, after deducting from this amount the estimated cost to repair the body and glasses of the truck, which damages had been caused by the plaintiff.
We are of the opinion that the trial court very properly concluded that the truck contained a redhibitory vice when the seller delivered it to the plaintiff since he returned it immediately after the sale because oil was leaking therefrom. LSA-Civil Code Article 2530 provides that:
"The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."
Clearly, the presumption of redhibition applies in this case.
But counsel for the defendant seller asserts that the rescission was improper since the truck was not returned in the same condition; that is, it had been damaged by the plaintiff.
This contention obviously is without merit because plaintiff did purchase a defective vehicle, totally unsuited for the purpose for which its use was intended. The subsequent damage to the body did not alter the fact that the truck was unusable at the time of the sale, and the defendant was given full credit for the damage caused by the plaintiff.
Turning our attention to plaintiff's complaints of error, we shall first consider his contention that he is entitled to be returned to the status quo at the time of the purchase.
Even if we assume that the defendant seller was in good faith and unaware of the defect at the time of the sale, plaintiff's position is fully supported by the law and jurisprudence interpretative thereof.[1] LSA-Civil Code Article 2531 provides that:
"The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits, which the purchaser has drawn from it, be sufficient to satisfy those expenses."
In obtaining the ownership of an absolutely worthless vehicle, plaintiff incurred the following losses and expenses:
(1) Loss of a 1950 Chevrolet valued at $125.
(2) Liability on a promissory note, the balance of which is $490.56, plus interest and attorney's fees.
(3) Liability on a $50.00 note at small loan interest rates.
(4) Payment of $18.00 for the repair of the vehicle.
(5) Payment of $5.00 as a partial down payment at the purchase.
(6) Payment of $35.04 to the lender on the large promissory note.
*804 (7) Payment of $9.44 to the lender on the smaller note.
Since plaintiff is entitled to be returned, as near as possible, to the status quo at the time of the sale, we are of the opinion that the trial court erred in failing to render judgment in favor of plaintiff, Richard Davis, in like amounts as he was found liable to Commonwealth Finance Company.
In addition, plaintiff's out-of-pocket proven expenses, not including the present balance due on the promissory notes, incurred as a result of the purchase and itemized above, total $192.48.
The damage to the truck can be repaired at a cost of $254.95, which is $62.47 greater than plaintiff's total out-of-pocket expenses. Therefore, we think the plaintiff would be returned to the status quo by the rendition of a judgment against him and in favor of Bryan for $62.47.
Plaintiff next argues that the estimates given by Bryan's expert witnesses are excessive and this case should be remanded for further evidence to establish a reasonable cost to repair the damage. The record reflects that the judge of the lower court re-opened this matter at the conclusion of the trial for the specific purpose of hearing testimony as to the costs to repair the damages and plaintiff then was afforded an opportunity to produce witnesses to rebut the defendant's expert testimony. This he failed to do; therefore, we are of the opinion that he is not entitled to a second hearing on this issue.
For the reasons hereinabove assigned, the judgment appealed from is affirmed insofar as it rescinds the sale, but it is set aside and annulled insofar as it awards plaintiff $355.55. It is also affirmed insofar as it awards Commonwealth Finance Company a judgment against Richard Davis for the unpaid balance, plus interest and attorney's fees on the two promissory notes.
The judgment is hereby amended in the following respect:
It is ordered, adjudged and decreed that there be judgment against Richard Davis and in favor of Bryan Chevrolet, Inc. in the full sum of $62.47 plus legal interest.
It is further ordered, adjudged and decreed that there be judgment in favor of Richard Davis and against Bryan Chevrolet, Inc. for the full amounts due by Davis for which he was cast in judgment to Commonwealth Finance Company. All costs to be paid by the defendant, Bryan Chevrolet, Inc.
Affirmed in part, set aside in part and rendered.
NOTES
[1] Commercial Credit Corp. v. Carrier, La. App., 139 So.2d 256; Route v. Smith Chevrolet Co., La.App., 128 So.2d 58; Tri-State Finance Corp. v. Surry, La. App., 139 So.2d 100.