153 So.2d 511 (1963)
James N. STEVENS
v.
DAIGLE AND HINSON RAMBLER, INC.
No. 5807.
Court of Appeal of Louisiana, First Circuit.
May 3, 1963.
Rehearing Denied June 3, 1963.
*512 A. J. Spedale, Baton Rouge, for appellant.
Lancaster, King & LeCorgne by Chas. D. Lancaster, New Orleans, for amicus curiae.
James A. Piper, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
HERGET, Judge.
James N. Stevens instituted this redhibitory action to rescind the sale of a new 1961 Rambler automobile purchased by him from defendant, Daigle and Hinson Rambler, Incorporated. By Third Party demand Defendant made American Motors Corporation and American Motors Sales Corporation Third Party Defendants. From a judgment of the Trial Court rendered December 19, 1961 dismissing Defendant's Third Party action against the named Third Party Defendants, Defendant-Third Party petitioner appealed. A motion to dismiss said appeal was sustained by this Court, La.App., 148 So.2d 105 (November, 1962). Defendant, Third Party Plaintiff, made application to the Supreme Court to review the holding of this Court in dismissing its appeal. This application was denied on January 25, 1963. The matter is before us at this time on Defendant's appeal from the judgment of the Trial Court of date May 14, 1962 in favor of Plaintiff against it rescinding the sale of the automobile and ordering Appellant to return to Plaintiff the purchase price of $3,604.62.
Delivery of the automobile in question was made to Plaintiff by Defendant on October 18, 1960. The evidence reveals on October 21, 1960 Plaintiff experienced mechanical difficulty in the operation of the Rambler automobile and returned it to the Defendant for repairs. The record is replete with instances in which the malfunctioning of the vehicle became apparent and Plaintiff on numerous occasions returned the vehicle to Defendant for repairs. Finally a representative of the manufacturer offered to install a new motor in the vehicle after Plaintiff through his counsel had made demand on Defendant through its attorney for a recision of the sale. Negotiations for an adjustment of Plaintiff's complaints *513 were conducted between the agent of the manufacturer and Plaintiff without success. Whereupon, Plaintiff instituted this suit. The record is rife with evidence of mechanical difficulties Plaintiff experienced in the use of the vehicle and instances the vehicle was returned to Defendant for repairs. Repairs, though made by factory trained mechanics, including the installation of a new electrical system did not result in the car being placed in a condition it might be concluded the Plaintiff would have purchased same had he known of the defects. Countless cases have arisen in Louisiana involving the right of a purchaser to rescind a sale for redhibitory vices. The following articles of LSA-C.C. are apposite to the issue:
"Art. 2474. The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him."
"Art. 2475. The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells."
"Art. 2476. The warranty respecting the seller has two objects; the first is the buyer's peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices."
"Art. 2503. The parties may, by particular agreement, add to the obligation of warranty, which results of right from the sale, or diminish its effect; they may even agree that the seller shall not be subject to any warranty.
"But whether warranty be excluded or not the buyer shall become subrogated to the seller's rights and actions in warranty against all others. (As amended by Acts 1924, No. 116)" (Emphasis supplied)
"Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
"Art. 2530. The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."
Thus, of right, under the above provisions of our law warranty as provided in the articles is granted to a vendee by a vendor and, as noted in the italicized phraseology of LSA-C.C. Article 2503, no changes can be made in such warranty except by particular agreement of the parties to the sale.
There is no evidence in the record of any agreement having been made by and between Plaintiff and Defendant to limit the implied warranty resulting from the act of sale. Defendant maintains that following its sale of the vehicle to Plaintiff by a delivery to Plaintiff of a pamphlet entitled "Rambler Owner's Manual" wherein warranties were made by the manufacturer of the vehicle and wherein it is recited * * * Your authorized Rambler Dealer, independently and not as agent of Manufacturer or American Motors Sales Corporation or American Motors (Canada), Ltd., extends to you as purchaser of a new Rambler a like warranty.", is a limitation of the warranty by Defendant of the sale of this vehicle.
In Fisher v. City Sales and Service, La. App., 128 So.2d 790, at page 793, the Court of Appeal, Third Circuit, said:
"The trial court likewise further rejected the appellant's further contention that the manufacturer's specific warranty found in an instruction book packed with the unit when soldallegedly `in lieu of all guarantees, specific *514 or implied'was accepted by the plaintiff in waiver of his right to enforce the warranty against redhibitory defects granted by Louisiana law. Not only is there insufficient evidence of any such express waiver by the buyer, and even assuming that the language of the guarantee was sufficient to relieve the manufacturer itself of its implied warranty of fitness under Louisiana law (but see Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871; Stracener v. Nunnally Bros. Motor Co., 1 Cir., 11 La.App. 541, 123 So. 911), no authority is cited that such a specific warranty relieving the manufacturer of its further liability will, without more, relieve the vendor of the warranty of fitness implied in all Louisiana sales."
In our opinion there must be an express waiver or modification of the warranty by agreement between the vendor and vendee. Such agreement cannot be said to have been made between the parties by the delivery only of a manual to purchaser and his acceptance thereof without a meeting of the minds expressly limiting the warranty. In other words, the vendor by any act on his part alone may not modify the warranty implied in all sales in Louisiana but such warranty can only be changed or modified by express agreement of both parties.
In Route v. Smith Chevrolet Company, La.App., 128 So.2d 58, at page 61, we said:
"The vice having made its appearance within 3 days immediately following the sale to Plaintiff is presumed to have existed before the sale. LSA-Civil Code, art. 2530.
"It is apparent from the record Plaintiff was correct in his position that the motor in the vehicle sold to him was so imperfect it warranted a recision of the sale, as certainly the admitted necessity of a general overhaul of the motor to remedy not the excessive use of oil by the vehicle but the prohibitive use of oil warrants the conclusion the automobile was not fit for its intended use."
Though Plaintiff testified there were other defects in the vehicle making same unacceptable to him, we are of the opinion the replacement of the entire motor of the vehicle cannot be categorized as a minor repair which a purchaser should be called upon to accept, but is of sufficient degree to decree as being reasonable the choice of Plaintiff for the recision of the sale thereby placing the parties in a status quo position as of the time before the sale. This was the holding of the Trial Court.
Judgment affirmed.