SUMMERS, Justice
(dissenting).
I concur with the majority of the court in its conclusion that all defendants are liable in solido for plaintiff’s injuries; it is the majority’s determination of the quantum of damages which I find to be erroneous. Originally in this case the jury awarded $50,000.00 as damages to the plaintiff. This award was set aside when the trL al judge granted a new trial. Thereafter the case was tried again and the award of $19,500.00, made by the jury in the new trial and affirmed and approved by the court of appeal, has been reduced by the majority opinion to $8,500.00; a reduction of more than half the second award. Faced as we are with the cold record in this case and knowing that twelve true men have twice sought to compensate this plaintiff for her injuries in a much larger amount, I cannot subscribe to the majority opinion. I understand the rule of law in such, cases to be as follows: “[T]he findings of fact of a trial judge (or jury) will not be disturbed unless manifestly erroneous, and, when such error is manifest, it should be easy to.poirrt out.” Crawford v. Abbott Automobile Co., Ltd., 157 La. 59, 101 So. 871 (1924).
The resort by the majority to a comparison of this, casé to others in .fixing ,the *264 award, I feel, brings about an improper result. Is this court to set up a schedule for compression fractures of the back like a workman’s compensation schedule? In the absence of statutory regulation, and there is none in cases of this kind, each case must stand on its own merits, with much discretion allowed to the court below. Such a precedent as the majority establishes by this decision may prove to be as inhibiting as a statute in a field which should by its very nature be unrestrained, except by the sound discretion of the trier of fact. For the determination of pain in a back injury is truly a many-faceted, nebulous thing, difficult at best to resolve fairly when close to all of the persons and visible circumstances; doubly so when reliance is had upon the printed page alone.
I respectfully dissent.

On Application for Rehearing.

The application of Mrs. Aline Gaspard is granted. The application of Bradley C. LeMaire and of United States Casualty Co. is denied.
HAWTHORNE, J., is of the opinion that both applications should be granted.