253 So.2d 602 (1971)
Lloyd I. RICHARDSON, Plaintiff-Appellant,
v.
Robert L. FRENCH, d/b/a Bob French Motors, Defendant-Appellee.
No. 11683.
Court of Appeal of Louisiana, Second Circuit.
October 12, 1971.
*603 Love, Rigby, Dehan & Love, by Kenneth Rigby, Shreveport, for plaintiff-appellant.
Jack D. Barnett, Shreveport, for defendant-appellee.
Before AYRES, PRICE and HALL, JJ.
HALL, Judge.
This is an action in quanti minoris instituted by plaintiff, Lloyd I. Richardson, based on alleged defects in a 1957 MG sports car purchased by him in 1970. Suit was originally filed against Robert L. French, d/b/a Bob French Motors, alleging that on February 3, 1970, plaintiff purchased the automobile from defendant for a price of $450 cash and that plaintiff immediately began to experience difficulties with the automobile and was required to spend the sum of $445.42 to repair certain alleged defects in the automobile. Defendant, French, answered plaintiff's petition admitting the sale by him to plaintiff, denying the existence of the alleged defects and alleging that the automobile was sold "as is" without any warranty.
Subsequently, French filed an amending and supplemental answer denying that he was ever the owner of the automobile and denying that he ever sold the automobile to plaintiff. In the supplemental answer French further alleged that he gave a bill of sale and receipt to plaintiff as a courtesy to evidence plaintiff's ownership of the automobile pending receipt of a title certificate and to assist the true vendor, Gene Barrett, whose original purchase of the automobile he had financed. French also alleged that the automobile was acquired by Gene Barrett in Texarkana and that plaintiff purchased the automobile from Barrett without any warranty and that French has no agency or other relationship with Barrett, the vendor of the automobile to plaintiff. Thereafter, plaintiff filed a supplemental petition reiterating the allegations of his original petition and, alternatively, based on the allegations of French's supplemental answer, alleging that the automobile was sold by Barrett to plaintiff and asking for judgment against Barrett.
*604 Barrett answered adopting the allegations of French's supplemental answer and denying he was indebted to plaintiff.
After trial on the merits the district judge without giving written reasons rendered judgment in favor of the plaintiff against Gene Barrett for the sum of $220.01, this being one-half of the amount sued for less an admitted credit or deduction of $5.40. Plaintiff's demands against French were rejected.
Plaintiff has appealed and urges that the trial court erred in the following respects:
(1) In permitting parol evidence to vary and contradict the written contract between plaintiff and Robert L. French, which contract evidenced the sale of the automobile by French to plaintiff.
(2) In holding that the sale of the automobile was, in fact, by Barrett to Richardson rather than by French to Richardson.
(3) In allowing only one-half of the cost of repairs rather than the total amount thereof.
Plaintiff's original and primary demand is against French as vendor of the automobile. Plaintiff asked for a judgment against Barrett only in the alternative. Therefore, the first issue for consideration is whether French was, in fact and law, the vendor of the automobile to plaintiff.
In support of his claim that he purchased the automobile from French plaintiff offered into evidence an invoice and bill of sale prepared on a Bob French Motors printed form clearly showing a sale of the automobile by French to plaintiff. The invoice and bill of sale is complete and regular in all respects and shows the name of the seller, the name of the buyer, the price paid and a description of the automobile. The invoice and bill of sale is signed by Robert L. French. In addition, plaintiff filed into evidence a written receipt signed by Mrs. French showing receipt of the sum of $450 cash paid by plaintiff.
The evidence clearly shows and the defendants admit that the documents were prepared by Mrs. French at the office of Bob French Motors on the date shown on the documents.
In support of his contention that he was not the seller of the automobile to plaintiff, defendant, French, offered the testimony of himself, Barrett and Mrs. French. Plaintiff timely objected to the introduction of any parol evidence to vary or contradict the written documents previously referred to. The testimony of the witnesses was allowed subject to plaintiff's objection.
The thrust of the testimony offered by defendant was that Barrett had purchased the automobile for his own account at an auction in Texarkana. He paid for the automobile by drawing a draft on French's account, the draft to be honored by French's bank upon presentation with a title certificate attached. French customarily assisted Barrett in the financing of automobiles being purchased by Barrett in this manner. Barrett brought the car back to Shreveport, did some work on it and advertised it for sale in the newspaper. Plaintiff responded to the advertisement and after some negotiation agreed with Barrett to purchase the automobile for $450. Plaintiff was concerned about getting a good title to the automobile and Barrett advised him that the deal would be handled through Bob French Motors, a reputable dealer of longstanding in Shreveport. Plaintiff and Barrett went to the office of Bob French Motors, the papers were prepared and the price paid. French, Mrs. French and Barrett all testified that Barrett received the $450 consideration and that French executed the documents as an accommodation to Barrett and plaintiff for no cash consideration.
The parol evidence was inadmissible to vary or contradict the written contract *605 between French and plaintiff. A sale of movable property may be made by verbal agreement. LSA-Civil Code Article 2441. Proof of a verbal sale of movables may be made in accordance with LSA-Civil Code Article 2277. The sale is complete as soon as there is agreement as to the object and the price. LSA-Civil Code Article 2456. However, even though the parties to a sale of movables may effect a valid transfer orally, they may choose to reduce their agreement to writing and if this is done the sale may no longer be proved by parol evidence in accordance with Article 2277. LSA-Civil Code Article 2276 provides that parol evidence may not be admitted "against or beyond" what is contained in the acts of the parties. As early as 1857, in the case of Lesseps v. Wicks, 12 La.Ann. 739, the court held "a sale of movables may be made by parol, as well as in writing; but if the vendor have thought fit to reduce his acknowledgment of such a sale and of the receipt of the price to writing, under his signature, such written acknowledgment is surely good proof against him." In Cary v. Richardson, 35 La.Ann. 505 (1883) the court stated:
"The code is express, that parol evidence shall not be admitted against or beyond what is contained in the acts, nor on what may have been said before, at the time of making them, or since. R. C.C. 2276, 2242, 2244, 2238. The rule is consecrated by law and jurisprudence that, as between the parties to a written act, the only admissible evidence to prove simulation is a counter letter, which is proof of equal dignity. R.C. C. 2238, 2239. The unbending jurisprudence of this Court does not, accordingly, allow a party to vary or destroy his own voluntary declarations, or written agreements, by anything short of written evidence. The rule applies not only to agreements relating to immovables, but also to such as concern movables."
In this regard, see also Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965), where the court found "the rule universally obtaining where an instrument is required by law to be in writing, or where the parties adopt that mode of contracting, is to the effect that parol evidence is not admissible to contradict, vary, or modify such instrument." (Emphasis supplied).
We hold that parol evidence was inadmissible to vary the terms of the written contract between French and plaintiff and that French is bound by the terms thereof which clearly showed him to be the vendor of the automobile.
Even if the parol evidence were admissible we would nevertheless reach the same conclusion. French was the legal owner of the automobile. The automobile was purchased in Texarkana with French's funds and the title certificate assigned to him and he in turn assigned the title to plaintiff. Barrett had no title certificate and in order to conclude the sale he took plaintiff to French's office where the sale was consummated. It may well be that as between French and Barrett, Barrett was regarded as the true owner of the automobile and the seller thereof but as between plaintiff and French, French was the seller or at least stepped into the shoes of the seller and is bound unto plaintiff as such. It may well be that French did not directly receive any part of the $450 price, but there was a continuing business relationship between French and Barrett.
The next issue to be considered is whether the seller has any obligation of warranty in connection with the sale of this particular thirteen year old automobile.
LSA-Civil Code Article 2475 provides that in all sales the seller has two principal obligations: that of delivery and that of warranting the thing which he sells. The seller warrants the object is free from hidden defects or redhibitory vices. LSA-Civil Code Article 2476. This warranty is implied in all sales unless the parties, by particular agreement, add to the warranty obligation or agree that the seller shall not *606 be subject to any warranty. LSA-Civil Code Article 2503.
In Savoie v. Snell, 213 La. 823, 35 So.2d 745 (1948) the court held that the seller warrants the thing sold unless the warranty is expressly waived. In Ditta v. Polk Chevrolet, Inc., 196 So.2d 672 (La.App.1st Cir. 1967) the court found that unless the warranty is waived the seller warrants the thing sold is fit for the purpose intended. See also Stevens v. Daigle and Hinson Rambler, Inc., 153 So.2d 511 (La.App.1st Cir. 1963); J. B. Beaird Co. v. Burris Bros., 216 La. 655, 44 So.2d 693 (1950); and Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871 (1924).
The written invoice and bill of sale does not contain a disclaimer or waiver of warranty. Barrett testified that he told plaintiff the automobile was "missing" and that it was being sold "as is" without warranty. Plaintiff denied that there was any discussion at all about warranty and testified the only reference to selling the car "as is" had to do with a broken taillight that plaintiff was aware of.
The evidence in this case does not justify a finding that there was a clear, express waiver of warranty. In Combs v. International Harvester Company, 115 So.2d 641 (La.App.2d Cir. 1959) it was held that the warranties are implied in all contracts "unless It is clear that the parties intended to confect a sale, irrespective of the vices or defects." (Emphasis supplied). We hold that the sale carried an implied warranty that the automobile was free from hidden defects and redhibitory vices and would serve the purpose intended.
The existence of the warranty having been determined the question next to be considered is the extent of the warranty on a thirteen year old automobile sold for $450 and further, if the seller has breached the warranty what amount the buyer is entitled to recover.
The case of United Motor Car Co. v. Drumm, 3 La.App. 741 (1926) involved the sale of a five year old used car. In connection with the extent of the warranty the court said:
"It has been proven that it [the car] required considerable mechanical attention to keep it going, but a five-year-old second hand automobile usually does. As was well said by the learned judge a quo: `The fact that it is second-hand and has been used for several years carries with it the implication, * * * that the machinery is worn out and that the party buying it agrees to take a practically defective machine in order to get it for a very small price.' * * * It was simply an old car displaying the usual symptoms of approaching dissolution."
Obviously the sale of an old car does not carry the same warranty as does the sale of a new automobile. Inherent in the sale of an old automobile is the knowledge that the machinery and parts are worn and subject to breakdown and that the vehicle will require substantial mechanical work from time to time to keep it in running condition. Plaintiff testified in this case that he bought the car to have transportation to and from work. It would be impossible to establish an exact standard or description of the warranty applicable to the sale of this used car or other used cars of varying ages and conditions. In this instance, we hold the seller warranted only that the automobile was free from hidden defects, in existence on the date of the sale, that would prevent the use of the vehicle to a reasonable extent, such as getting plaintiff to and from work.
There is no question in this case that the car had numerous defects existing at the time of the sale. Only three hours after plaintiff purchased the automobile it would not start, the battery ran down and the automobile had to be towed to a repair shop. At this time the electrical system was worked on and repaired for a total cost of $90.47 which included the cost of a new battery. About three days later the *607 clutch went out and the starter stopped working. The car was towed back to the repair shop and repairs were made for a total cost of $327.50. The above figures exclude a small portion of the total repair bills for which plaintiff concedes he is not entitled to recover.
A long list of repairs were made on the automobile. The mechanic who did the repairs testified in an expert manner as to what he did and why he did it. All of the repairs were necessary in order to put the automobile in first class condition but considerable repairs were made for defects which the plaintiff could have reasonably anticipated in a car thirteen years old. After reviewing the itemized list of repairs and the testimony of plaintiff's expert witness we are of the opinion that plaintiff is entitled to recover for the repairs related to the electrical system, starter and clutch. It is impossible to fix the amounts charged for these items with exactitude, but the amount closely approximates the award made by the trial court. We, therefore, approve and affirm the award of $220.01.
Plaintiff's demand against Barrett was asserted in the alternative and only in the event recovery was denied against French. Having held that plaintiff is entitled to recover against French, it is unnecessary to consider the alternative demand against Barrett.
For the reasons assigned, the judgment of the district court is reversed in part and affirmed in part. There is judgment in favor of plaintiff, Lloyd I. Richardson and against defendant, Robert L. French, d/b/a Bob French Motors in the sum of $220.01, together with five per cent (5%) per annum interest thereon from date of judicial demand until paid. Plaintiff's alternative demand against Gene Barrett is rejected. All costs of this proceeding are assessed to defendant, Robert L. French, d/b/a Bob French Motors.
Reversed in part, affirmed in part, and rendered.