STOULIG, Judge
(dissenting).
I respectfully dissent.
Plaintiff, Hob’s Refrigeration & Air Conditioning, Inc., filed suit to recover $427.64 allegedly due for the installation of a rebuilt compressor in a central air-conditioning system in the home of defendant, Emile Poche. Defendant answered denying liability on the theory the services performed were remedial work on a defective unit previously installed by plaintiff. Further, he averred the original installation was warranted for one year, thus the expenses incurred in either replacing or repairing the rebuilt compressor must be borne by plaintiff. From a judgment dismissing its suit, plaintiff has appealed.
On May IS, 1969, plaintiff’s representative Mr. Templet — deceased at the time of the trial — installed a rebuilt compressor to replace another rebuilt compressor which was placed in the system in April 1967 and had burned out. Before undertaking this installation, plaintiff required Poche to pay the $200 unpaid balance on the 1967 job and the full price of $450 in advance for parts and service on this job. Shortly after its installation, this compressor also burned out.
According to Poche, the unit lasted one month; according to plaintiff’s records, more than three months. The defendant testified he advised Mr. Templet as early as May 26, 1969 at a chance meeting at the school board office that the unit never functioned properly, but nothing was done by plaintiff. In mid-June upon being notified by Poche that the compressor “was out,” plaintiff removed the unit and returned 12 days later at which time it either *549 reinstalled the repaired unit or replaced it with yet another rebuilt compressor.
Because of Mr. Templet’s death, plaintiff relied on its records of service calls (1) to establish no complaints were made by Poche after the May installation until August 8, 1969, and (2) to prove another rebuilt compressor and incidental parts were placed in defendant’s system. Although Poche was considered a bad credit risk- — and reasonably so — it was not explained why plaintiff abandoned its cash-in-advance policy on the August installation by mailing on October 1 a statement for the service previously rendered on August 29, 1969.
In addition to the duration of the operating time of the unit installed May 15, the litigants dispute the extent of the warranty. According to Poche, plaintiff’s representative verbally warranted the compressor for one year. This is denied by Byron Melancon, one of Hob’s owners who explained plaintiff was given a 60-day warranty on the rebuilt unit by its supplier and that it was plaintiff’s policy to extend the same warranty to its customer. But the record is devoid of evidence to establish defendant was advised of the 60-day warranty.
The trial court found it unnecessary to make factual findings because even if plaintiff’s evidence is accepted in its entirety, it must still bear the cost of the remedial work. In written reasons, the trial judge ruled the seller impliedly warranted the compressor would serve the purpose for which it was purchased and since plaintiff failed to prove this implied warranty was expressly limited by the parties, it must absorb the expense of either repairing or replacing the defective unit.
Plaintiff argues the law of implied warranty cannot defeat a suit on an open account unless defendant pleads redhibition. Since an action in redhibition has for its object the avoidance of a sale based on a serious defect, we fail to see why Poche, who is not trying to return the compressor, was obligated to raise redhibition. Defendant’s answer is appropriate in that it denies liability because plaintiff’s services were rendered under its warranty agreement and were improperly charged against defendant. Further, when the defendant pleaded the rebuilt unit was expressly warranted for one year, plaintiff was fully apprised of the ground on which the suit would be defended. Even though the trial judge did not indicate whether Poche’s testimony on the one-year warranty was accepted, the plaintiff cannot complain because the decision was based on the law of implied warranty. It was not the buyer’s duty to prove an implied warranty was extended with the sale of the rebuilt compressor, but rather the seller’s burden to establish that the warranty implicit in every sale was expressly limited by the seller. Civil Code Article 2475 imposes on the seller the obligation to warrant the fitness of the thing sold. In addition, Civil Code Articles 2474 and 2503 require the seller to clearly express an intent to restrict or waive the warranty implied by law. See Donachricha v. D’Antoni, 270 So.2d 149 (La.App. 1st Cir. 1972), and cases cited therein.
In this case we are considering the sale of a rebuilt compressor. Obviously the warranty implied by law should not be for the same duration as that we would accord to a new compressor. See Richardson v. French, 253 So.2d 602 (La.App. 2d Cir. 1971). Thus we must consider for what period of time should Poche have reasonably expected the compressor to function properly. When he made this purchase it was his experience that a rebuilt compressor had functioned for 25 months. Even if we accept plaintiff’s statement the unit installed in May operated more than 90 days, we do not suppose Poche would have paid $450 for a compressor to function only three months. We agree that absent an express limitation of warranty to the contrary — and there is none proved — plaintiff impliedly warranted this unit would run *550 for more than 90 days. Thus the defense that the work undertaken by plaintiff to remedy the defective May 15 installation should be at plaintiff’s expense has merit.