391 So.2d 37 (1980)
Hugh R. LEE, Plaintiff-Appellant,
v.
The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Defendant-Appellee.
No. 7821.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1980.
Writ Refused January 9, 1981.
Charles W. Seaman, Natchitoches, for plaintiff-appellant.
Watson, Murchison, Crews, Arthur & Corkern, R. Raymond Arthur, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
GUIDRY, Judge.
The plaintiff-appellant, Hugh R. Lee, instituted this redhibitory action against the *38 defendant-appellee, The Equitable Life Assurance Society of the United States for a reduction in the purchase price of certain real property located in Natchitoches Parish. The defendant filed an exception of prescription in response to the plaintiff's petition. The trial court sustained the defendant's exception and the plaintiff herein appeals that judgment. We affirm the trial court's judgment.
The following facts are established by the record. On October 18, 1977, the plaintiff purchased a house and lot located in Natchitoches Parish from the defendant. Immediately prior to completion of the sale, the plaintiff discovered that the carpeting in the den was rotten. An agreement between the plaintiff and the realtors was confected whereby the defective carpet was replaced and the costs were shared equally by the parties. In either December of 1977 or January of 1978, the plaintiff noticed water seeping into the den whenever there was a heavy rain. The plaintiff attempted to remedy this problem by ditching and reshaping the hillside upon which his house was situated, however, his actions were to no avail. In January of 1979, the plaintiff was advised that the house was constructed adjacent to a "spring", and that whenever a substantial rain occurred, the spring would flow against the house causing water to seep into the den. Plaintiff filed the instant suit on March 8, 1979 over one year from both the date of the sale and from the time when plaintiff first noticed the water seepage.
The trial court determined that the plaintiff's cause of action had prescribed, noting that "the plaintiff knew or should have known the vice or defect involved was water leaking into his home ... and that such knowledge was sufficient to begin the running of prescription."
Prescription of redhibitory actions is governed by Louisiana Civil Code Articles 2534 and 2546. Civil Code Article 2534, dealing with good faith vendors, provides:
"The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.
Nor where the seller, not being domiciliated in the State, shall have absented himself before the expiration of the year following the sale; in which case the prescription remains suspended during his absence."
Civil Code Article 2546, dealing with bad faith vendors, reads:
"In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
This discovery is not to be presumed; it must be proved by the seller."
Plaintiff contends that the water seepage was a result of the vice and not the vice itself, therefore, prescription should not commence until the cause of the seepage was discovered. In support of this contention, plaintiff cites Hill v. John L. Crosby, Inc., 353 So.2d 421 (La.App.4th Cir. 1977). The Hill case involved a suit for redhibition filed five years after the purchase of the house. The plaintiff in that case had noticed severe mildewing and rotten boards more than one year before suit was filed. The Fourth Circuit held that because the plaintiff did not discover the cause of the mildew until within one year of the suit, prescription had not run.
To the extent that Hill, supra, is interpreted to hold that the prescriptive period for redhibition actions as provided in LSA-C.C. 2546 begins to run from the date of discovery of the cause of the defect, this court must respectfully disagree. We believe that Judge Schott's dissent in Hill more correctly represents the present state of the jurisprudence regarding the issue at bar. In his dissent, Judge Schott notes that to hold that the prescriptive period for redhibition actions begins to run from the date of the discovery of the cause of the defect is inconsistent with the rationale of Rey v. Cuccia, 298 So.2d 840 (La.1974). In Rey, supra, the court held that it was not incumbent upon the purchaser of a trailer to *39 prove the exact or underlying cause of the trailer's malfunction in order to recover in an action for redhibition. See also, Crawford v. Abbott Automobile Co., 157 La. 59, 101 So. 871 (1924); Fisher v. City Sales and Service, 128 So.2d 790 (La.App. 3rd Cir. 1961); Ticheli v. Silmon, 304 So.2d 792 (La. App. 2nd Cir.1974). In our view it is clearly inconsistent to hold that a purchaser need not establish the underlying cause of a defect or malfunction and on the other hand, although the defect or malfunction is manifest, conclude that the prescription provided for in C.C. Article 2546 is suspended until such time as the purchaser actually discovers the underlying cause of the defect.
We find that plaintiff had sufficient notice that a defect existed in the house when he first discovered water seeping into the den. Such notice was enough to trigger the running of the prescriptive period applicable to redhibitory actions. In Blalock v. American Employers Insurance Company, 345 So.2d 166 (La.App. 2nd Cir.1977) writ refused, 346 So.2d 221 (La.1977), the Second Circuit discussed the type of knowledge which must be possessed by the purchaser in order to trigger the running of prescription. The court, quoting Cartwright v. Chrysler Corporation, 232 So.2d 285 (La. 1970) stated:
"... (I)t is not necessary that the party have actual knowledge of the conditions as long as there is `constructive notice'. Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry, is sufficient to start the running of prescription."
In either December of 1977 or January of 1978, the plaintiff discovered that water was seeping into the den of his newly-purchased home each time that there was a heavy rain. The occurrence of the water seepage was sufficient to put the plaintiff on guard that a vice in the house existed. This notice was sufficient to commence the running of prescription. Since the plaintiff failed to file his redhibitory action within one year from the date of his discovery of the defect, his cause of action in redhibition has prescribed.
For the above and foregoing reasons, the judgment of the trial court sustaining the defendant's peremptory exception of prescription is affirmed. All costs are assessed against the plaintiff-appellant.
AFFIRMED.